Porter, J.

The plaintiff and appellee commenced this suit by attachment, on an obligation made at Paris, in the year 1804, by J. B. Cottin, deceased; the defendant, who is his father, and a resident of France, became, by the death of the said J. B. Cottin, heir to *455 two-thirds of his property. And judgment was demanded, that he be condemned to pay the same proportion of the note, on which this suit is brought.
East'n District.
April, 1821.
The attachment was levied on credits and effects in the hands of garnishees.
The case was tried on its merits, and there was judgment for the plaintiff, from which this appeal has been taken.
The proceedings in this cause, so far as they are necessary, to be stated for a correct understanding of the opinion, which the court has formed, were as follows:—
The petition was filed on the 30th of March, 1820, and the attachment served on the 1st of April, and returned the 6th of the same month: the day after, the counsel for defendant made a motion, that time be given him, to the 11th instant, to file an answer.
On the 13th of May, the same gentleman was appointed by the court, to defend the rights of the absent debtor; on the 26th, on motion, a delay of six months, was given to file an answer ; on the 1st of July following, that order was rescinded ; on the 21st of that month, on the application of the plaintiff’s counsel, another attorney of the court was *456 joined in the defence. The cause stood over, until the 6th of December, when an answer was put in. On the same day, the counsel for defendant made affidavit, that the testimony of witnesses residing in France, was material to the defence, and on this affidavit, applied for a commission, which was refused by the court. To this refusal the defendant excepted.
On the 29th of January, the cause was tried, and there was judgment for the plaintiff.
The period which elapsed from the 13th of May, (the date of the appointment of an attorney) to the 6th of December, when the answer was put in, and the commission applied for, was not, in my opinion, less time than was necessary to enable an agent here, to write to his client in Paris, get information, as to the nature of his defence, file his answer, and prepare to take the testimony.
It was necessary, that the attorney should correspond with his client, and obtain from him a proper knowledge of the facts, before he replied to the petition; until he obtained this knowledge, he could not know who were the witnesses, he could not judge of their materiality, nor lay the grounds of applying for *457 a commission, by making the proper affidavit.
In this case, supposing the attorney to have written the very day he was appointed, to have found a conveyance the next; and that his client had been equally fortunate and diligent, it would probably have taken four months to have received an answer. But, when we consider the attention which counsel are able to bestow on cases of this kind, consistent with their other duties; the uncertainty of this conveyance,and the necessity probably, in which, the defendant found himself, of obtaining information from others, respecting a transaction of so old a date ; I do not think the time taken here, was unreasonable, or that the court should have refused the commission prayed for.
I understand it to be law, as it is certainly the safest practice, that whenever the propriety of granting a continuance to a defendant, is doubtful, that the court should accord it. If any error is committed on that side, the consequence is but delay to the plaintiff; if, on the other, a mistake might produce great injury, perhaps ruin to a party defending himself against an unjust demand.
Seghers for the plaintiff, Morel and Denis for the defendant.
This rule, which I think salutary, is particularly applicable to cases of attachment, when the party sued is a non-resident of the state. It often happens, that the counsel, appointed to defend him, can do nothing more than make a nominal defence : at best, it is trying him who is absent, and under such circumstances, justice should be slow and circumspect, before she condemns.
I am therefore of opinion, that the judgment of the district court be annulled, avoided and reversed, and that this cause be remanded for a new trial, with instruction to the judge a quo, to grant the commission prayed for, and that the plaintiff and appellee pay the costs of this appeal.