## No. 5295.

### L. HEYNIGER & Co. vs. A. HOFFNUNG ET AL.

The whole object of a rule *nisi*, in matters of injunction, is to enable the defendant to show, if he can, that on the face of the papers, the injunction ought not to be granted. On the trial of the rule, no affidavit from either side, bearing on the truth of the allegations of the petition, will be admitted in evidence.

The refusal of the court, on a rule *nisi*, to grant an injunction, may be appealed from.

APPEAL from the Sixth District Court, parish of Orleans. *Saucier, J. Race, Foster & E. T. Merrick*, for plaintiffs and appellants. *Labatt, Aroni & Clinton*, for defendants.

The opinion of the court was delivered by MANNING, C. J.

Plaintiffs presented a petition to the judge of the Sixth District Court of New Orleans, accompanied by an affidavit and bond, praying the issuance of an injunction against the defendants. The judge ordered the clerk to issue a rule *nisi*, returnable in three days, upon the defendants to show cause why an injunction should not issue.

Upon the trial of the rule defendants offered in evidence several affidavits, the object of which was to show that the allegations of the petition were not true. Plaintiffs objected to their reception, on the ground that they went to the merits of the case, which they allege were not then before the court, and, on being overruled, took their bill of exceptions in form. The court discharged the rule *nisi* and refused the injunction, and from that judgment plaintiffs appeal.

The decision must depend on the answer which shall be given to the question: What is the nature, purpose, and scope of the rule *nisi* ?

The plaintiffs insist that there is no law authorizing our courts to issue any rule *nisi* for any purpose upon an application for an injunction, and invoke serious consideration of the question whether the introduction of that practice by a rule of court is permissible. They contend that upon filing a petition, affidavit, and bond with good and sufficient security for such sum as the court shall prescribe, an injunction must be granted, provided the petition discloses a case warranting its issuance, which is left to the legal discretion of the court to determine.

Pretermitting the expression of an opinion upon that point, and merely observing that no rule of a court can make obligatory upon a plaintiff an imperative requirement which the law has failed to impose, we shall sufficiently respond to the issue here made by saying that the object of the rule *nisi* is to give an opportunity to the defendant to show that an injunction is not allowable on the face of the papers, or in other words, that the facts and allegations contained in the petition are not sufficient to warrant the court in issuing the writ. Any examination of the merits on the trial of that rule is premature. In the present case the court had before it the petition and affidavit of plaintiffs' attorney, his clients being absent, that their allegations were true, and opposed to that was the affidavit of defendants' attorney, his clients being also absent, that the allegations of the petition were not true, which last was supported by numerous other affidavits of the same tenor. These affidavits were inadmissible, and should not have been received or considered by the court, and the bill of exception of plaintiffs was well taken.

The counsel for plaintiffs assimilate the proceeding by rule to the motion to dissolve an injunction on the face of the papers, which is in the nature of a demurrer, and admits for the purposes of the motion all the alleged facts to be true. The defendants in the rule make the distinct issue that the facts and allegations are not true. It was held that a "motion to dissolve an injunction on the ground that the allegations in the petition are not true must be referred to the merits." Williams vs. Douglass, 21 An. 468. So we think an answer to the rule *nisi* denying the truth of the allegations is in effect an answer to the merits, and can only be heard after the injunction has issued, and upon the trial of the merits.

Our attention has been directed by the defendants' counsel to the case of Newgass vs. the Judge of the Superior District Court, very recently decided, as sustaining their position, assumed in oral argument, that no appeal lies from a refusal of the lower court to grant the injunction, but that decision does not go so far as that.

The court, after remarking that the case of the State vs. Lewis, 7 Martin, 457, is the only instance in our reports in which an appeal from a refusal to grant an injunction was declared to be allowable, say that

in Newgass's case the judge had simply refused to grant an *ex parte* order upon an *ex parte* showing, and therefore there was nothing for this court to revise. The judge rendered no judgment and made no order, and hence there was no ground for an appeal. And further on, at the conclusion of the opinion, it is said: "Had what is called a rule *nisi* been taken, and after the hearing the judge had refused the injunction, * * * a different question would be perhaps presented." 27 An. 672.

That is the question presented in this case. The judge of the lower court erred in receiving testimony which was applicable only to the merits of the case, and which can only be heard on the trial of the merits. In overruling his decision we can not order that an injunction be granted, because that would be to assume original jurisdiction, but it is our duty to remand the case in order that he may consider and determine whether the facts and allegations contained in the petition, and the affidavit and bond, are sufficient to justify the issuance of the writ prayed for. Should he then refuse the injunction, his action can be reviewed by this court.

It is therefore ordered, adjudged, and decreed that the judgment of the lower court is avoided and reversed, and the suit be remanded thereto for further proceedings according to law, the appellees to pay costs of this court.