MADISON, F. M. C. *vs.* ZABRISKIE, F. M. C.

APPEAL FROM THE PARISH COURT FOR THE PARISH AND CITY OF NEW-ORLEANS.

MADISON, F. M. C.
*vs.*
ZABRISKIE,
F. M. C.

11L 247
48 1546
11   247
111 380

An act of sale of immovable property is valid, if legally proved, when it is made single, and only signed by the vendor. The acceptance by the vendee may be proved *aliunde*.

The signature to a written instrument or act of sale, is valid when made by affixing the *ordinary mark* of the party, if it is proved by the subscribing witnesses, or other legal evidence.

Parole evidence cannot be received to prove something different from what is contained in the written act of sale.

To require the vendor to allow that a sale of certain property in *Common street*, as specified in the written act, was *intended* for the same kind of property in St. John street, would not only be rescinding the first contract, but substituting a new one without any written evidence whatever.

The purchaser from a vendee cannot demand a rescission of the sale to him, when sued by the vendor for the property: he is only subrogated to the action of warranty, and not to any action of nullity or rescission for the non-delivery of the thing to the vendee, and who sold the same thing to him.

This is a petitory action. The plaintiff claims an improved lot of ground in the city of New-Orleans, situated in St. John street, in the possession of the defendant. He alleges he purchased the lot from John Gravier, in 1822, and has since rented it to one Thomas Smith, f. m. c. That since then, in 1832, the defendant took illegal possession of the same, and still retains it. He prays judgment for the possession, and that he be declared the true owner thereof, and for damages and rents.

The defendants pleaded a general denial, and further averred, that the plaintiff sold the lot in question the 6th March, 1828, to Thomas Smith, who sold to him (defendant) by notarial act, dated the 3d July, 1832. That in the act

EASTERN DIST.
June, 1837.

MADISON, F. M. C.
vs.
ZABRISKIE,
F. M. C.

of sale from plaintiff to Smith, the person who drew the act, described the lot as situated in Common street, instead of St. John street, which was the true location and description, inasmuch as the plaintiff never owned any property in Common street.

The defendant further averred, that if he was evicted, owing to the error in description, that the plaintiff be required to deliver to Smith, and himself, a lot in Common street, as described in his act of sale to Smith, and from the latter to this respondent, or in default, fifteen hundred dollars, which demand he pleads in reconvention. That Smith be cited in warranty to defend his title.

On the trial the defendant offered in evidence the private act of sale from Reuben Madison to Thomas Smith, dated 6th March, 1828, in which the former sells to the latter, for the sum of four hundred dollars, *two houses and lots in Common street, etc.* This act is signed with the *marque ordinaire* of the vendor, and attested by two witnesses. On the 4th May, 1830, both this act and one from John Gravier to Reuben Madison, were presented to a notary public, by the attorney in fact of Thomas Smith, and inscribed on the notarial books of the notary, and attested by two witnesses.

The reading of the act of sale from Madison to Smith, thus signed with the ordinary mark of Madison, and recorded two years after in the notary's book, was objected to by the plaintiff, as being no proof of such sale, on the ground that it was not signed by the party in the manner required by the code. 2d, Because it was incomplete on the face of it, only being signed by the vendor. 3d, Because it was not proved to have been actually signed, or the mark affixed by the contracting party. It was received by the court and a bill of exceptions taken.

The plaintiff derived title to the premises from John Gravier, in which the *locus in quo* is specified as being in St. John street. This title is indisputable.

One of the witnesses to the private act of sale from Madison to Smith, in March, 1828, recognized and proved

both his own and the signature of the other witness, but had no recollection of seeing Madison, the vendor, make his mark. The act was only signed by the vendor, and made single *to* Smith.

EASTERN DIST.
June, 1837.

MADISON, F. M. C.
*vs.*
ZABRISKIE,
F. M. C.

Parole testimony was introduced to show that Madison never owned any property in Common street. One witness said he lived with Madison, in St. John street, and knows he owned no property in Common street. It was proved that Smith lived on the premises, in St. John street, after Madison went away, and before the sale to the defendant.

The sale from Smith to defendant, in 1832, recites that it is for " a lot forty-five feet front, on St. John street, by one hundred and twenty in depth, together with the improvements, etc., originally belonging to John Gravier, and by him conveyed to Reuben Madison, etc., and by the said Madison, by act under private signature, dated 6th March, 1828, to Thomas Smith, as will more fully appear by reference to an act of record of said instruments, passed before William Y. Lewis, notary public, the 4th May, 1830."

The cause was submitted to a jury, who returned a verdict for the defendant. The plaintiff appealed.

*M'Millen*, for the plaintiff, insisted that the verdict and judgment was erroneous, and should be reversed. That the private act of sale from Madison to Smith was improperly received in evidence, without its execution being legally proved. 9 *Louisiana Reports*, 512.

2. But even if the execution of this act had been proved, it was inadmissible in evidence, for it proved no sale of property, not being in the required form of selling and accepting by the vendor and vendee. It was not even admissible as a promise to sell. 5 *Louisiana Reports*, 457.

3. Acts under private signatures need not be written, but they must be *signed* by the contracting parties. *Louisiana Code*, 2238.

4. In acts executed before a notary, the code says it must be passed in the presence of two witnesses, *and if the party does not know how to sign*, the notary must cause him to *affix*

32

EASTERN DIST.
June, 1837.

MADISON, F. M. C.
vs.
ZABRISKIE
F. M. C.

*his mark* to the instrument. Thus it will be seen, that in case of an authentic act *only*, does the code authorize a *mark*. *Louisiana Code*, 2331.

5. The article of the code above cited, makes the most marked distinction between a signature and a mark. If such acts were admitted, without proving their execution 'by the contracting parties, especially when it is *positively* denied, as in this case, there would be no longer security for property of any kind.

*Preston* and *Benjamin*, for the defendant, contended that the evidence fully supported the verdict, as there was little or no doubt about the identity of the property; if there has been, the cause should be remanded for another jury.

2. The parties to the act or bill of sale from Madison to Smith, were ignorant colored men, neither of whom knew how to write. The mistake of the *locus in quo* was evidently made by the person who drew the bill of sale, and was not observed by the parties.

3. The inaccurate description of the property was the act of the vendor, who is bound to describe the premises correctly. The vendee is not to suffer by his errors, nor is he to profit by them. But it is shown that St. John and Common streets are near each other, which accounts for the mistake, and which is not such a one as should vitiate the sale. See 5 *Louisiana Reports*, 443.

*Bullard, J.*, delivered the opinion of the court.

This is a petitory action, in which the plaintiff asserts title to a lot of ground in St. John street, in the faubourg St. Mary, under a sale from John Gravier. The defendant sets up title under a sale from one Thomas Smith, who, he alleges, purchased it from the present plaintiff, but that in the conveyance it was erroneously described as a lot in *Common street*, whereas the plaintiff had no lot in Common street, and that Smith and himself have, since 1828, possessed as owners with the knowledge of the plaintiff.

The defendant in his answer further demands, if it should be decided that, owing to said error in description, he is not entitled to the property he has possessed in St. John street, then the plaintiff be condemned to deliver him possession of such lot in Common street, or in default thereof, pay him fifteen thousand dollars.

EASTERN DIST.
June, 1837.

MADISON, F. M. C.
vs.
ZABRISKIE,
F. M. C.

There was a verdict and judgment for the defendant, and the plaintiff appealed.

On the trial the defendant offered in evidence a private act of sale, under mark ordinary, of the lot in question. Its introduction was opposed on the ground that it was not signed by the party, as the code requires such acts to be ; that it was incomplete, being signed only by one of the parties, and that its execution was not duly proved.

We think the court did not err. The acceptance of the sale by the purchaser might be proved *aliunde*, and its execution appears to have been sufficiently established by the testimony of the subscribing witnesses to permit it to go to the jury, according to the principles recognized by this court in the case of Tigiasco *vs.* Molinari's heirs. 9 *Louisiana Reports*, 512.

*An act of sale of immovable property is valid, if legally proved, when it is made single, and only signed by the vendor. The acceptance by the vendee may be proved aliunde.*

*The signature to a written instrument or act of sale, is valid when made by affixing the ordinary mark of the party, if it is proved by the subscribing witnesses, or other legal evidence.*

The plaintiff's title to the lot in question is incontestable, unless he parted with his right by the sale to Smith. That sale was of a lot in Common street, whereas the lot purchased by the plaintiff from Gravier, is situated in St. John street. But it is strenuously contended that here is an error, which falls on the substance of the thing, and it is manifest the vendor intended to sell his lot in St. John street, inasmuch as he owned no such property in Common street. The defendant seeks to prove by parole, something different from what is contained in the written act. He asks us to do something more than rescind that contract, on the ground of error or fraud : he requires us to substitute a new contract in the place of it, to wit : a sale of the lot in St. John street, to which there is no legal evidence of any assent on the part of the vendor. Admitting that the evidence is sufficient, that the plaintiff sold what did not belong to him, we cannot supply his consent to a contract totally different, and make a

*Parole evidence cannot be received to prove something different from what is contained in the written act of sale.*

*To require the vendor to allow that a sale of certain property in Common street, as specified in the written act, was intended for the same kind of property in St. John street, would not only be rescinding the*

EASTERN DIST. new contract for the parties, particularly for land, without
June, 1837. any written evidence whatever; nor is this such a latent

MITCHELL ET AL. ambiguity as may be explained by parole. Nothing is
*vs.* shown to raise such ambiguity, except the testimony of
CURELL. some of the witnesses, that they never knew the plaintiff
first contract, but to own any lot in Common street. Although the evidence
substituting a in the case might be sufficient to show error on the part of
new one, with-
out any written the purchasers, so as to authorize the rescission of the
evidence what- sale, it is, in our opinion, incompetent to show title in the
ever.
The purchaser defendant to the lot sued for.
from a vendee
cannot demand a The demand of the defendant in reconvention, that the
rescission of the plaintiff be condemned to deliver him a lot, according to his
sale to him, when
sued by the ven- act of sale, or pay damages, cannot be supported in this case.
dor for the pro-
perty. He is The vendee of Smith has no direct action against the present
only subrogated plaintiff; he is subrogated only to the action of warranty, in
to the action of
warranty, and relation to the lot in Common street, and not to any action
not to any action
of nullity or re- of nullity or rescission, or to recover damages for failing to
scission for the deliver the thing sold by that contract.
non-delivery of
the thing to the
vendee, and who It is, therefore, ordered, adjudged and decreed, that the
sold the same
thing to him. judgment of the Parish Court be reversed, and that ours be
for the plaintiff, that he recover the lot of ground described
in the petition, with costs in both courts.