The opinion and judgment of the court iu the following case, prepared by BLANCHARD, J., prior to his retirement from the bench, and adopted by the court in consultation, is now handed down for the court by
NICHOLLS, C. J.:
*379 Plaintiff, alleging himself to be the owner of certain lots of ground in the city of Shreveport, and that the same had been seized under execution issued on a judgment that Belcher & Creswell, a commercial firm, had recovered against one Willie Johnson, and were being advertised for sale under said judgment, brought the present action to enjoin the sale.
Upon issue joined in the court below, judgment was rendered perpetuating the injunction which had issued. Defendants appeal.
The substantial facts are these:
In March, 1901, Willie Johnson appeared before a notary public and two witnesses, and executed an act of sale to W. C. Agurs of the lots of ground in question. Agurs was present and accepted the sale. The price was $600. Willie Johnson, being unable to write, could not sign his name, and the notary undertook to write his name, and then have him make his mark, thus, “X,” between his given name and his surname.
But while the name of Willie Johnson was written all right in the act of conveyance as the appearer, when the notary came to write his name at the foot of the act he wrote it “Willie Jones.” This error was not noticed by any of the parties, and thus the deed appeared signed in this way: “Wil-
his
lie X Jones.”
mark.
But the man who actually appeared and touched the pen in making his mark was Willie Johnson.
The notary in question was the deputy clerk of the court. When he came to make the customary indorsement on the folded act, he carried the error further by indorsing it, “Willie Jones to W. O. Agurs.”
The deed as thus indorsed he then marked, “Filed and recorded.” It was inscribed in the conveyance book, the name of Willie Johnson appearing in the body of the inscription, while that of Willie Jones appeared at the foot of the deed and on the margin of the page; the latter thus: “Willie Jones to W. 0. Agurs.” And when the deputy clerk came to index the act he indexed it as “Willie Jones to W. O. Agurs.”
The following year (1902) Willie Johnson became indebted to Belcher & Creswell. They recovered judgment against him for $1,750, and caused the same to be inscribed in the mortgage book.
Subsequent to this, Agurs, the vendee of Willie Johnson, having discovered the error above referred to, took Willie Johnson to the deputy clerk, who, as ex officio notary public, had passed the act, and, causing the deputy to exhibit to them the original act, pointed out to him the error, and requested its correction; whereupon the deputy made the correction by erasing the name “Willie
his
X Jones,” and substituting for it “Wil-
mark.
his
lie X Johnson.”
mark.
Like changes, to correspond, were made in the conveyance records and also on the index.
This was before the fi. fa. issued on the judgment which Belcher & Creswell had recovered against Willie Johnson, and under which they caused the lots to be seized. The fi. fa. issued subsequently the same day.
The first answer of Belcher & Creswell to the injunction petition of Agurs was that the instrument relied upon by the latter as showing his ownership of the lots was not binding on them for the reasons:
First, that the act of sale as executed between Agurs and Willie Johnson in March, 1901, and, as recorded, was not such notice to the public as the law requires; and
Second, that the changes made in the act after registry of their judgment were ex parte, without notice, and could not affect them, or impair their rights already existing.
These defenses are not tenable. Johnson did actually convey the property to Agurs. His was the hand that made the mark which stood for his signature. The proper man, therefore, signed the deed. The true signature was his act in making his mark, not what the notary wrote. See Zacharie v. Franklin, 12 Pet. 151, 9 L. Ed. 1035; Tagiasco v. Molinari’s Heirs, 9 La. 512; Maddison v. Zabriski, 11 La. 251.
Had defendants read the act, they would have learned from its recitals that it was Willie Johnson who appeared before the notary and made the sale. At least, they would have been put on guard.
*381 Tlieir position, therefore, that the instrument conveying the property was not sufficient notice to them, is not sound.
Because the deed was indexed erroneously cannot be given the effect of depriving Agurs of his property. Swan v. Vogel, 31 La. Ann. 38.
The index is no part of the record; it is simply for the convenience of those examining the records. Swan v. Vogel, 31 La. Ann. 40. See, also, Caldwell’s Ex’rs v. Prindell’s Adm’r, 19 W. Va. 669.
The deputy clerk, who officiated as ex officio notary, testified he wrote the name “Willie Jones” at the foot of the deed through inadvertence; that it was Willie Johnson who actually appeared before him and touched the pen, and whose name he intended to write.
The second answer of Belcher & Creswell to the injunction petition was that the sale to Agurs was not intended by the parties as a sale, but as a mortgage to secure the loan of $600, which sum was named as the consideration of the sale.
The only testimony found in the record touching upon this issue is that given by Agurs on cross-examination by defendants’ counsel. He swears positively to have, purchased the property outright for $600 cash, and that the transaction was a sale, and not a mortgage.
Judgment affirmed.