(38 South. 250.)

ALBERT MACKIE GROCERY CO., Limited, v. PRATT et al.

(March 13, 1905.)

SUSPENSIVE APPEAL — ABSTRACT QUESTIONS— SUPREME COURT—JURISDICTION— CERTIORARI.

1. There is no necessity or occasion for a suspensive appeal from an order of court when the party applying for the same has, by his voluntary action, made judicial execution of the order impossible.

2. Where the only issues submitted to the Supreme Court for decision on an application for a writ of prohibition and certiorari have become abstract questions, or affect, at the utmost, matters over which, presumptively, the Court of Appeal has appellate jurisdiction, by reason of the amounts likely to be involved, the Supreme Court will not presently take jurisdiction over the matter.

(Syllabus by the Court.)

Application of George K. Pratt and Alphonse D. Riffel for writ of mandamus, prohibition, and certiorari to Fred D. King, judge, commanding him to grant a suspensive appeal from the judgment in the action of the Albert Mackie Grocery Company, Limited, against George K. Pratt and others. Dismissed.

James McConnell, Jr., for relators. Respondent judge, pro se. McCloskey & Benedict, for respondent Albert Mackie Grocery Company, Limited. Dinkelspiel & Hart and John Clarence Davey, Jr., for respondent civil sheriff.

Statement of Facts.

NICHOLLS, J. The prayer of the applicants is that a writ of mandamus issue to Fred D. King, judge of the civil district court for the parish of Orleans, Division D, commanding him to grant them a suspensive appeal from a certain order and judgment rendered by him in the matter of the Albert Mackie Grocery Company, Limited, v. George K. Pratt et al., No. 75,248 of the docket of his court, or show cause to the contrary; that a writ of prohibition issue, directed to H. B. McMurray, civil sheriff for the parish of Orleans, and the Albert Mackie Grocery Company, Limited, enjoining, restraining, and prohibiting them from directly or indirectly attempting to execute the judgment or order rendered against applicants in the matter of Albert Mackie Grocery Co., Limited, v. George K. Pratt et al., by the civil district court, on the 3d of February, 1905, or that they show cause to the contrary, and, should the writ of mandamus applied for be denied, that then, in addition to the writ of prohibition prayed for, a writ of certiorari issue, directed to said judge, directing him to send up to this court a copy of all the proceedings had in the cause mentioned, and that after due proceedings a writ of prohibition issue, directing him and the said civil sheriff not to proceed further with the execution of the writ of sequestration, and ordering the same to be set aside, annulled, and dissolved, as this court might, in its discretion, determine, and that said writs of mandamus and prohibition be made peremptory.

On reading the petition and application, the district judge, the civil sheriff, and Albert Mackie Grocery Company, Limited, were ordered to show cause why the prayer thereof should not be granted. The district judge made a full answer to this rule to show cause, as did the other parties; the latter adopting the allegations and prayer of the judge's answer, and praying that the application be denied.

The answer of the district judge explains the situation. He avers: That there was filed in the civil district court on January 23, 1905, a petition by the Albert Mackie Grocery Company, Limited, supported by

affidavit, the material averments of which were as follows, to wit: That said company was the owner of a certain warehouse in this city, adjoining another warehouse owned by Dr. Pratt, and occupied by Riffel, as his lessee; that the company was reconstructing the party wall between said warehouses; that there was stored upon the second floor of the adjoining warehouse, owned by Dr. Pratt, and known as the "Crescent Warehouse," many thousands of pounds of sugar, contained in barrels, and that said company could not safely proceed with the execution of the work or reconstruction unless such sugars be temporarily removed, in whole or in part; that it used all appliances known to modern engineering, but, by reason of the presence of said sugar upon the second floor of said Crescent Warehouse, if it was to proceed further the joists, guiders, and columns would fall, with great resulting damage; that they informed Pratt and Riffel of the condition existing, verbally and in writing, requesting them to move said sugars, or such parts thereof as might be necessary from time to time, but that said Pratt and Riffel refused so to do, and therefore it had no remedy in the premises, save in the intercession of the court; and it prayed that an injunction issue to Pratt and Riffel, restraining them from interfering with it in the prosecution of the work, ordering them to move said sugars, or such portions thereof as might be necessary, from time to time, to enable it to prosecute the work, or, in the discretion of the court, that a writ of judicial sequestration issue, directing the civil sheriff to take into his possession said sugars, and store them within said warehouse or elsewhere, as might be ordered by the court. That he (the district judge) granted a rule to show cause, returnable on January 27, 1905, and on said date said rule was continued until February 3, 1905, not having been reached, and on said date this rule came up for trial, all parties. present. That, in answer to said rule, said Pratt and Riffel denied generally the allegation of plaintiffs' petition; denied that they delayed or in any way interfered with the demolition of said party wall, and denied that they would interfere with said work, and admitted they must submit to any necessary inconvenience; alleged that plaintiffs must exercise the right with great care, and cause them no unnecessary loss or inconvenience.

That plaintiffs placed a witness upon the stand to prove up the allegations of their petition, but he, in accordance with the practice governing the rules nisi, stated that the question was to be tried on the face of the papers, and asked defendants' counsel what evidence he had to offer. That his response was, "We have none to offer, sir." That respondent thereupon took a recess of the court to enable the respective counsel to agree upon the order to be granted. That upon the reconvening of the court the counsel for Pratt and Riffel asked permission to place witnesses on the stand to prove up what, in the opinion of respondent, appertained entirely to the merits of the case, and respondent refused to hear said witnesses.

That, in view of the allegations of the petition, and the admissions contained in the answer, which particularly admitted the right of the plaintiff to proceed, the question of the manner of execution alone being at issue between the parties, and said recess. having lapsed, and said parties not having come to any amicable demand regarding the said execution, respondent issued the following order:

"It is ordered, adjudged, and decreed that the civil sheriff take into his possession the sugars referred to in the petition filed, and remove same to such place or places as may be indicated by the defendant, or, in the event that they refuse to designate the same, that he store same in his said capacity in some bonded public warehouse of this city until further orders of this court."

That subsequently, to wit, the 6th of February, 1905, Pratt and Riffel applied for an order of suspensive appeal from said order. That they made no affidavit therein of irreparable injury, and it appears from the petition, answer, and the note of evidence on file that the sole question here is one of the cost of the temporary removal of said sugars from the second floor of said warehouse to other places therein or elsewhere. That there was no intention of dispossessing said defendants of the custody of said sugars, or of placing the possession thereof in the plaintiffs. That said plaintiffs, if their allegations be true, have the undoubted right to removal of said sugar, and, on the face of the papers, as said Pratt and Riffel refused to act, it was the duty of respondent, in the exercise of the equity powers of his court, to order the removal by the executive officer of his court to such place or places as might be indicated by the defendants, and that respondent, in so ruling, ruled also that the question as to the expenses of the removal, by whom it is to be paid, damages, or any other costs, should be settled when the case is tried on the merits. That the decree rendered by respondent is an interlocutory decree, which does not trench upon the merits of the case, decides nothing, and the question of its execution is a question of dollars and cents, and, while some might occasion temporary inconvenience, which they must submit to under the law, if the allegations of plaintiff's petition be true, and they have full recourse upon the trial of the merits. That said Pratt and Riffel have never made any application to respondent that bond be furnished by the plaintiff, the Albert Mackie Grocery Company, Limited, for injunction, sequestration, or otherwise, and that they have never applied for an order to bond the writ herein issued. That no rule to dissolve had been filed, as would appear by the return of the civil sheriff, made part of his return, and the court was then informed that the writ

which had been herein issued had not been executed, by reason that, since the rendition of said order, Pratt and Riffel had, of their own motion, removed said sugars, in whole or in part, and that they and the plaintiff, the Albert Mackie Grocery Company, Limited, were proceeding in execution of said work.

That no writ of injunction, either restraining or mandatory in its nature, had been issued herein, because of the judicial admission and consent of Pratt and Riffel to comply with the demand made by the plaintiff, but, by reason of the passive stand taken by them, and their refusal to move said sugars, respondent, in the exercise of the equity powers of the court, issued the order herein. Wherefore, for the above reasons, and for reasons set forth in the return of the Albert Mackie Grocery Company, Limited, and of their brief filed in behalf thereof, he prayed that the rule issued be recalled and set aside, and respondent dismissed.

In the answer filed by the Albert Mackie Grocery Company, Limited, it averred that, since the rendition of the order herein complained of, Pratt and Riffel had themselves complied with the order of court, by removing parts and portions of said sugars from time to time, to the extent necessary to allow it to proceed with the work in hand; that the question of the removal of the sugars was a matter calculable in money, the costs and liability for which can and should be determined upon the trial of the merits of the case.

For these reasons, and for those set out in the return of the district judge, it prayed that the rule issued be recalled and set aside, and respondent dismissed.

The civil sheriff answered that he was the executive officer of the civil district court, acting as ordered by the same; that he had done nothing in the matter and things complained of, and proposes to do nothing, until ordered by the civil district court, after this

court has acted; that he has no interest in the controversy, and submits himself to the court.

In the application herein made by Pratt and Riffel, to which the district judge and the Albert Mackie Grocery Company, Limited, made the answer to which we have just referred, they alleged that they were the defendants in the suit brought by the Albert Mackie Grocery Company, Limited, bearing the number 75,248 of the docket of the civil district court. They averred that they were, respectively, the owner and lessee of the Crescent Warehouse, in which hundreds of barrels of sugar and other merchandise were stored upon both the ground and second floors, and that negotiable warehouse receipts had been issued for numerous lots of said sugar, and were held by parties unknown to them, whereunder the proprietor of the building was bound to hold and deliver the same in accordance with, and upon presentation of, said receipts, or suffer heavy penalties and loss, as well as damage to their good will; that the plaintiffs in that suit were the adjoining proprietors and owners of the property immediately next to the Crescent Warehouse, and were about to demolish the existing party wall between the said properties, a large portion of which was merely a "curtain wall," supporting solely its own weight, and in no way connecting with the sugar-laden floors of the warehouse, which are of "mill construction," and upheld by independent posts or pillars, resting upon separate foundations of their own; that they were aware that they must submit to all necessary inconvenience resulting from the adjoining proprietors' legally exercising their rights to erect a new wall in place of the old, and had in no manner interfered with or opposed the same; that, notwithstanding their expressed willingness to submit to all necessary inconveniences, and to permit the workmen to efficiently shore and prepare the same for the demolition of the old wall, the adjoining proprietors had needlessly, and seemingly for no other reason than to relieve themselves of additional expense in shoring and sufficiently supporting their (Pratt's and Riffel's) property, brought the suit mentioned, seeking an injunction and judicial sequestration as therein prayed for; that, being ordered to show cause why the writs prayed for should issue, they filed exceptions and answer, generally and specifically denying the allegations of the petition—particularly that they had delayed or interfered with the same, and recognizing that they must submit to any necessary inconvenience legally arising therefrom in the prosecution of the work, but urging that it should be done with great care, and subject to full indemnity to them for failure so to do. That on the trial of the rule the court refused to hear defendants' witnesses, and, after hearing the parties, rendered a decree which they set out (being the same decree set out by the district judge in his answer). They averred that within the legal delay for a suspensive appeal from said judgment they applied for such appeal, and their application had been denied. They averred that they were legally entitled to the same, and that said order, if executed, would work them irreparable injury; that the pretended and extravagant ground of relief on which the writ of judicial sequestration was obtained should not have been considered by the court "on the face of the papers," and said judgment should not have been rendered or said writ issued, except after full hearing of the parties, nor should the same have been granted without bond, as was done in this case; that the proceeding complained of was unknown to the law; that the refusal of the court to hear witnesses was a denial of justice; that, in order to exercise its equitable jurisdiction without doing possible injustice to one or the other of the litigants, the court should have ascertained the true facts by a full hearing of the parties and their witnesses; that, should the court re-

fuse them a suspensive appeal, they should be left without remedy, except through the writs of prohibition and certiorari.

## Opinion.

This case, as presented to us, shows a very unusual condition of things. The civil sheriff, whose anticipated possible adverse action we are asked to restrain by a writ of prohibition, returns that he has done nothing in respect to the matter and things complained of, and proposes to do nothing, until ordered by the civil district court after this court has acted. The Albert Mackie Grocery Company, Limited, on whose application the district judge acted, in rendering the order complained of, returns that since the rendition of that order Messrs. Pratt and Riffel had themselves complied with the order of court, by removing parts and portions of the sugars from time to time, to the extent necessary to allow it to proceed with the work in hand, while the district judge answers that he was informed that the writ which had issued had never been executed, by reason of the fact that since its rendition the parties named had, of their own motion, removed the sugars, in whole or in part, and that the Albert Mackie Grocery Company, Limited, were proceeding in the execution of their work.

Though the attention of the attorney of relators in the present application was specially directed to these returns, he did not, in the reply brief filed, specifically deny the fact that, since the order complained of, the sugars had been removed by the voluntary action on the part of his clients.

We think it is a mistake to say that Messrs. Pratt and Riffel have removed the sugar in the warehouse in compliance with the court's order to them, inasmuch as the court gave them no order in the premises. Having the possession and control of the sugars, their action in this matter was their voluntary act. This voluntary act, however, necessarily affects the situation. It with-

draws from the sheriff the necessity, and also the occasion and power, of executing the order of court, as the thing ordered to be done had already been done. Therefore there is nothing left upon which he could be called to take action under it, and so also in the matter of the suspensive appeal. The necessity and occasion for a suspensive appeal ceased to exist the moment the applicants themselves, of their own accord, placed matters in such a situation as to render impossible judicial execution of the order. As we understand matters, a writ of some kind has been issued to the sheriff under the court's order, but it has not been executed. The party at whose instance the order was granted declares itself satisfied with the existing situation, and substantially disclaims any intention of proceeding any farther in this matter. The court itself will not be called upon to take further action, except on the prayer of the Albert Mackie Company. We see, therefore, no present ground for issuing a writ of prohibition to the court. Such a writ would run under no circumstances to the sheriff; it being a writ directed to courts, and not to individuals. The only remaining question is whether, under the peculiar conditions of this case, we should order the proceedings in the district court to be brought to this court under a writ of certiorari, in order to test the legality of the court's decree from the standpoint of its power and authority in the premises. We do not think that we should. As matters stand, we would decide what had become an abstract question of law, affecting, at furthest, a mere question of the expense of the removal of the sugar, and costs, which we are not called upon to consider. That question is open for discussion hereafter in the district court. Whether it would or could ever reach this court it is unnecessary to decide.

In view of the shape which matters have taken, the proper action to be taken in the premises is to withdraw the order which we

have heretofore given herein, and dismiss the present application, and it is so ordered.

MONROE and PROVOSTY, JJ., concur in the decree.