———o———

## No. 3823.

### (Court of Appeal, Parish of Orleans.)

FELICIEN LEPINE vs. L. H. MARRERO, Sheriff, et als.

Where in an instrument, duly recorded and purporting to evidence a cash sale of an immovable, the person to whom the instrument declares the property has been sold, has made no appearance by himself, or by another, and there is no separate and recorded writing evidencing his concurrence in and acceptance of the sale, the title of the person to whom the act declares the property has been sold, is such as may be successfully opposed to a third person who has seized immovable as the property of the vendor.

Appeal from 28th Judicial District Court, Parish of Jefferson.

Philip H. Mentz, for Plaintiff and Appellant.

L. H. Marrero, Jr., for Defendant and Appellee.

MOORE, J. The Clerc Company, Limited, sued out a writ of attachment against one John W. Martin, an absentee, and in execution of the writ the Sheriff of the Parish of Jefferson levied upon a certain piece or portion of ground situated in said Parish. Subsequently the Clerc Company obtained its judgment and the

379

property was then seized under *fi fa* and advertised for sale thereunder. Thereupon Felicien Lepine enjoined the sale on the ground that he was the owner of the property.

The averments of the petition are, to the extent that they concern the present inquiry, that: he acquired said property from said Martin by a sale executed at Richmond, Virginia, on the 10th day of October, 1904, in the presence of three witnesses and duly acknowledged by said vendor before a Notary Public in and for Nicolas County in said State:" that "he paid nine hundred and fifty dollars cash for the same, which is the value thereof and that the act of sale was duly recorded in the Parish of Jefferson" and that "he has been in open and notorious possession of said property since he acquired it, making the same his home, and the said corporation and its agents were fully cognizant of his title thereto and of his possession thereof, before they caused it to be seized."

The act of sale is annexed to and made part of the petition. It was executed in manner and form as alleged and was duly recorded. It recites that J. W. Martin declared that he had sold, and thereby sells the property to Lepine for the sum alleged, the receipt of which is acknowledged. The act is signed by the vendor and three witnesses.

The vendee makes no appearance in the act, either in person or by another, and, of course, the act is not signed by, or for him.

To this petition, the Clerc Company interposed the exception of no cause of action, which exception was sustained by the trial judge, whereupon Lepine took his appeal to this Court.

The plea of no cause of action is predicated on the proposition that a sale of immovables without the written and recorded concurrence of the person to whom it is claimed the immovables are sold, is, *quoad* third persons, of no effect or validity whatsoever. The argument is that as it is neither alleged in the petition nor shown by the act annexed to and made part thereof, that the vendee by himself, or by another, appeared in the act and accepted the sale, but that on the contrary the act shows that the vendee made no appearance therein; and that as it is

not alleged that there exists any separate instrument of concurrence and acceptance by him and duly recorded, the plaintiff, therefore, fails to show any ownership in the property in him which can affect the seizing creditor and therefore, his petition discloses no cause of action.

Per Contra, the plaintiff contends that neither between the parties, nor in order to affect third persons, is it essential to the validity of the act of sale that it should be signed by the vendee, or that the latter's concurrence in and acceptance of the sale should be in writing at all and recorded; that the purchaser may show concurrence and acceptance otherwise than by in writing; that it may be shown by the payment of the price by the vendee, by his causing the act to be recorded, and by his open and notorious possession, as are alleged in the petition to be the acts evidencing concurrence in, and acceptance of the sale, and which, for the purpose of the exception, must be taken as true; and that the concurrence and acceptance of the vendee being thus admitted, a proper cause of action is shown.

In support of the proposition that the assent of the vendee to the sale need not be in writing and may be proven aliende the instrument executed by the vendor alone, the appellant relies on the following authorities:

Hitchcock vs. Harris, 1 La. 311.
Joseph vs. Mareno, 2 La. 461.
Balche vs. Young 23 A. 272.
Carroll vs. Shaw, 34 A. 423.
Neson vs. Weis, 34 A. 1009.

These appear to be cases in which no third persons were concerned.

In the following cases, however, the interest of third persons were to be affected, and it seems the same principle is announced and which fully sustain the appellant's contention.

Bradford vs. Brown, 11 M. N. S. 217.
Baudin vs. Rolf, 1 M. N. S. 176.

Croker vs. Neeley, 3 M. N. S. 583.
Richard vs. Nolan, 3 M. N. S. 336.
Madison vs. Zabinski, 11 La. 251.
Allen West & Bush vs. Wheston, 35 A. 850.
Royer vs. Cairell, 47 A. 780.

On the other hand the appellee relies on the recent decision of Hutchinson vs. Rice, 109 La. 30, on which it is held that:

> "A sale of immovables, in order to affect third persons, must be in writing and duly recorded, and this requirement is not fulfilled by the mere declaration, though in writing and registered, of one party alone that he has either bought from or sold to an other who makes no appearance by himself, or another, property of that description; since conceding that the concurrence of the other party might be evidenced by a separate instrument it must, also to affect third persons, be registered."

It is contended by the appellant that the question here presented was not at issue in the Hutchinson case; that it was not discussed by the Counsel in that case; that the authorities, *supra,* were not cited to the Court nor are they referred to in the opinion and that hence all expressions in the opinion concerning the validity of an act of sale unsigned by the vendee are mere *obiter* and should not be regarded by us.

The issue in the Hutchinson case as to the validity of such sales was as "clean cut" in that case as it is in this and the excerpt quoted therefrom supra, was not *obiter.* The decision in that case, however, is contrary to a long line of decisions which are not overruled or even referred to in the Hutchinson case. Our own views were but recently decided and by an unanimous Court we concluded to certify the question to the Supreme Court in order to ascertain whether the Hutchinson case was intended to overrule all the prior cases on the question stated.

To this end we certified the following question:

> "Where in an instrument duly recorded and purporting to evidence a cash sale of an immovable, the person to whom the instrument declares the property has been sold has

made no appearance by himself, or by another, and there is no separate and recorded writing evidencing concurrence in and acceptance of the sale, is the title of the person to whom the act declares the property has been sold, such as may be successfully opposed to a third person who has seized the immovable as the property of the vendor?"

This question the Supreme Court answered in the affirmative, and Hutchinson vs. Rice, 109 La. 30 was in terms overruled. (Felicien Lepine vs. L. H. Marrero Sheriff et als, No. 16027, May 7th 1906 and not yet reported).

The judgment appealed from must, therefore, be reversed.

It is hence ordered, adjudged and decreed that the judgment appealed from be and the same is hereby avoided set aside and reversed, the plea of no cause of action overruled and the cause remanded for further proceedings according to law. The cost of appeal to be taxed against the appellee and those of the lower Court to await final decision on the merits.

May 14th, 1906.

May 22, decree Supreme Court certified back.