No. 2831

Second Circuit

———

THEUS v. CITY OF MINDEN, ET AL.

———

(March 24, 1930. Opinion and Decree.)

———

J. F. McInnis and C. E. Hayes, of Minden, attorneys for plaintiff, appellee.

L. K. Watkins, of Minden, attorney for defendant, appellant.

ODOM, J. This is an injunction suit by a property owner to prohibit the city of Minden from laying a sidewalk in front of his property. A rule nisi was issued, and upon trial, the court granted a temporary restraining order, and the city appealed.

No steps were taken by either party to have the case disposed of in this court until September, 1929, three years later, when appellants moved to have the case

set down for hearing, in which motion counsel alleged that, "pending this suspensive appeal, the cement sidewalk was completed and in suit No. 5966, Sam S. Theus, vs. City of Minden et al., the plaintiff brought suit for damages against the city of Minden and the contractors who built the sidewalk for the illegal trespass alleged in suit No. 5554 (the suit now on appeal before this court) and this suit for damages has been put at issue by answer and reconventional demand for amount of assessment made against plaintiff's property for the construction of the sidewalk."

The case was fixed for hearing in this court on February 4, 1930. Appellee made no appearance. Counsel for appellants states in brief:

"The work has since been entirely completed, which plaintiff judicially admits in suit in District Court, No. 5966, in which he claims damages for the construction of the sidewalk, and hence the injunction, if allowed by this Court, would serve no purpose." ·

The only purpose of the suit was to prevent the city from laying a sidewalk; but, pending the appeal, the work has been done, the sidewalk laid. It is therefore perfectly clear that the appeal is now without an object. The act which plaintiff sought to prohibit has been done. No actual controversy now exists. We can grant no relief. The events which have transpired since the appeal was lodged here make it wholly· unnecessary for us to render a decision. In all such cases the appeal should be dismissed. Tutorship of Mary Malinda Wilds, 6 Rob. 31; State vs. Rogers, 117 La. 155, 41 So. 477; In re Jones, 117 La. 106, 41 So. 431; Albert Mackie Gro. Co. vs. Pratt, 114 La. 341, 38 So. 250. See, also, Appeal and Error, 3 C. J. 357, et seq., same topic, 2 Cyc. 533.

The appeal is dimissed.