No. 2885

Second Circuit

CENTRAL LUMBER CO., INC., v. WHITTINGTON ET AL.

(March 24, 1930.  Opinion and Decree.)
(April 10, 1930.  Rehearing Refused.)

Dimick & Hamilton and Lee & Gilmer, of Shreveport, attorneys for plaintiff, appellee.

Thatcher, Browne, Porteous & Myers, of Shreveport, attorneys for defendants, appellants.

WEBB, J. Plaintiff, Central Lumber Company, Inc., a corporation, institutes this action against defendants, J. W. and H. Atkins and T. P. and A. M. Whittington, to recover judgment against them in solido on a claim for material furnished and used in constructing improvements on real estate and for recognition also of a privilege on the property improved.

The cause was submitted on a statement of facts, and T. P. Whittington and J. W. and H. Atkins appeal from a judgment rendered against T. P. Whittington and A. M. Whittington for the amount claimed with recognition of a privilege on the property to secure the payment of the claim, and ordering the property sold and the proceeds applied to the payment of the judgment.

As stated, the claim was for material furnished and used in the construction of improvements on the property on which the privilege was recognized, and the parties concede that under the building statute (Act No. 139 of 1922) in force at the time, a privilege is granted to secure the payment of such claims, and provision is made for the preservation of the rank of the privilege.

In the present instance, it was admitted that the material was furnished to T. P. Whittington, by the plaintiff's assignor, for the purpose of and was used in constructing improvements on the property owned by Whittington, on which the privilege was recognized by the judgment, and it is not suggested that as to T. P. Whittington, the judgment was not correct, but it was admitted that the property was acquired by T. P. Whittington from J. W.

and H. Atkins, and that during the pendency of the present suit, the property had been sold under foreclosure proceedings against T. P. Whittington by H. Atkins on a mortgage held by him which the parties appear to concede was recorded prior to the lien, and it is urged that the privilege was not properly registered against the property and did not affect the rights of the holder of the mortgage or the purchaser at the foreclosure sale, who appears as of counsel for appellants.

The material having been furnished to the owner of the property and used by him in constructing the improvements, section 11 of the statute provides that the privilege may be preserved in such cases either by recording a certified copy of the building permit, or affidavit of claim or any other writing evidencing the claim, on the mortgage records of the parish in which the work is constructed. In the present instance, it was admitted that the assignor of plaintiff filed a written memoranda of the amount of his claim, with an affidavit attached, on the mortgage records, which reads in part as follows:

"Shreveport, La., June 18, 1925. "Lien filed against J. W. and H. Atkins and T. P. and A. M. Whittington on E½ Lot 49 and W¼ Lot 48 West Gladstone Subdivision of the city of Shreveport, Caddo Parish, State of Louisiana by R. Webb (assignor of plaintiff Company). * * *

"Before me, the undersigned authority, personally appeared R. Webb, who being duly sworn deposes and says: That * * * the above account for $380.96, is just and correct, due and unpaid, that there are no legal claims or offsets against it; the same is for labor and material furnished in the construction of buildings upon the following property of J. W. and Herbert Atkins, owners, and T. P. and A. M. Whittington, contractors, (description of property) and that said deponent hereby claims the privilege granted by law, etc. * *"

Section 11 of the statute does not state what shall be the form of the statement or affidavit, or what it shall contain. There is, however, not any objection raised as to the sufficiency of the instrument recorded other than that J. W. and H. Atkins were named as the owners of the property on which the lien was claimed, and not T. P. Whittington, who was admitted to have been the owner at the time the lien was filed, and it is urged that the recordation of the instrument was insufficient to preserve the lien, although it was conceded that the indices of the mortgage records showed that all of the persons named, J. W. Atkins, H. Atkins, and T. P. Whittington and A. M. Whittington, were listed as mortgagors and lienors and that it was the custom of the recorder of mortgages to list all persons named in such instruments, except the claimant, as mortgagors or lienors.

The indices are not part of the record (Agurs vs. Belcher, 111 La. 378, 35 So. 607, 100 Am. St. Rep. 485), and while we are of the opinion that the custom of the recorder of mortgages in indexing the records does not affect the question or the legal effect of the instrument as recorded, or sufficiency of the registration as notice to third persons, we do not think that, when the name of the owner of the property to be affected is stated in the instrument recorded, it is essential that he should be designated as such, or that when the name of the owner of the property to be affected is stated in the instrument, a reference to his occupation or profession would render the notice resulting from the registry of the instrument insufficient.

In Robinson-Slagle Lumber Co. vs. Rudy et al., 156 La. 179, 100 So. 296, the statute considered was more specific as to the substance of the instrument to be record-

ed than the statute considered here, and although the statute considered in the cited case stated that that instrument filed for record should set forth the name of the owner, it was not held that where the name of the owner was stated, it was essential that he should be designated as such.

The instrument recorded in the present instance, asserted an indebtedness against T. P. Whittington for material used in improving certain described property which was owned by T. P. Whittington, and on which the law granted a privilege for the security of the debt, and we are of the opinion that anyone dealing with Whittington with reference to the property and reading the records and the instrument recorded would be placed on notice that a lien and privilege was claimed on the property, and the object and purpose of the registry being to give notice, the registry of the instrument was sufficient.

Appellants also filed in this court a plea of estoppel in which they pleaded that plaintiff, having alleged that the property belonged to J. W. and H. Atkins, was estopped to assert the privilege against the property of T. P. Whittington.

While counsel do not abandon the plea, there is not any authority cited to support it, and the theory on which it is based is not stated other than that to allow the privilege would be in conflict with plaintiff's allegations.

It is not suggested that the plaintiff's prayer and the facts admitted were not sufficient to warrant the judgment against Whittington, with recognition of a privilege on his property, and the admitted facts and the pleadings are binding on the parties.

· Counsel for appellants also argued that

H. Atkins had a vendor's lien on the property which was recorded prior to the instrument claiming the lien, but, if so, it was not pleaded, and we do not find that such fact was admitted or conceded by plaintiff, and we have not considered what would have been the effect had such fact been established.