No. 2886

Second Circuit

BROWNE v. LEVY, Clerk

(November 7, 1930. Opinion and Decree.)

Thatcher, Browne, Porteous & Myers, of Shreveport, attorneys for plaintiff, appellant.

Lee & Gilmer, of Shreveport, attorneys for defendant, appellee.

WEBB, J. T. P. Whittington purchased a lot of ground from J. W. & H. Atkins, giving a note, secured by vendor's lien and mortgage on the property, for the purchase price, which mortgage was duly inscribed. Thereafter Whittington constructed improvements on the property, materials for which were furnished by various parties, among whom was R. Webb, who filed a lien against the property to secure his claim, and assigned the claim and lien to the Central Lumber Company, Inc., which instituted suit against T. P. & A. M. Whittington and J. W. & H. Atkins thereon to recover judgment against them in solido with recognition of the lien on the property.

In the meantime J. W. Atkins had transferred to H. Atkins his interest in the note given by T. P. Whittington, above referred to, and H. Atkins had proceeded against the property under the mortgage, purchasing the property under the proceedings had, and thereafter H. Atkins transferred the property to Percy N. Browne, trustee, who brought suit against the clerk and ex-officio recorder of mortgages and the Central Lumber Company, Inc., to have the lien filed by R. Webb and assigned to Central Lumber Company, Inc., erased from the records.

Counsel state that the two suits were consolidated for purpose of trial, and in the suit of Central Lumber Company, Inc., against T. P. Whittington et al. judgment was rendered in favor of the plaintiff against T. P. & A. M. Whittington, with recognition of the lien, from which judgment, in so far as it affected T. P. Whittington, J. W. & H. Atkins appealed; and in the suit of Percy N. Browne, trustee, against the clerk and ex-officio recorder of mortgages et al., judgment was rendered in favor of the plaintiff, ordering the lien filed by R. Webb and assigned to Central Lumber Company, Inc., canceled and erased from which judgment plaintiff appealed.

The appeal from the judgment rendered in the cause of Central Lumber Company, Inc., v. T. P. Whittington et al., was presented here and the judgment affirmed on March 24, 1930 (see Central Lumber Company, Inc., v. Whittington et al., 12 La. App. 695, 127 So. 79), and in presenting the appeal from the judgment in the cause of Percy N. Browne, Trustee, v. The Clerk and Ex-Officio Recorder of Mortgages, counsel state that the appeal should have been presented at the same time as the appeal in the cause of Central Lumber Company, Inc., v. T. P. Whittington et al., but it is conceded that the transcript in the present appeal had not been filed at that time.

However, be that as it may, it does not appear that there could be any purpose in pressing the present appeal, especially in view of the fact that counsel concede that the judgment rendered in the cause of Central Lumber Company, Inc., v. T. P. Whittington et al., has been paid and the lien recognized to secure the judgment canceled and erased.

The appellant, Percy N. Browne, trustee, could not have any other interest or right than to have the lien against the property purchased by him from H. Atkins canceled and erased, and, it being admitted that the lien has been canceled, the appeal at most presents a moot question, and the appeal should be dismissed. Moniotte v. Bouanchaud, 139 La. 445, 71 So. 735.

The appeal is therefore dismissed.