## CROPPER et al. v. CITY OF NATCHITOCHES.

### No. 5735.

Court of Appeal of Louisiana. Second Circuit.

Nov. 4, 1938.

Rehearing Denied Dec. 9, 1938.

Writ of Review by Supreme Court Denied Jan. 10, 1939.

Russell E. Gahagan, of Natchitoches, for appellant.

C. B. McClung and E. S. Prudhomme, both of Natchitoches, for appellees.

HAMITER, Judge.

A permanent injunction against defendant is sought by plaintiffs under allegations that the former is disturbing their actual and real possession of a certain parcel of ground owned by them. They charge that defendant is attempting to built, construct and extend the city sewerage system through their property, and that such trespassing and disturbance will cause them irreparable injury, damage and loss.

A temporary restraining order issued on the filing of the petition.

Defendant first tendered exceptions of no cause and no right of action. According to the briefs of counsel, these were overruled. The record is silent as to the disposition made of them.

Answer was then filed in which defendant denies for lack of information that plaintiffs own the property in question, and further denies that it has trespassed thereon. It specifically avers that:

" * * * the City of Natchitoches did at one time have the desire to construct a sewer line under and across certain property in the City of Natchitoches that your defendant was informed belonged to the plaintiffs in this case. That your defendant through its officers and employees consulted the local representatives and/or agents of these plaintiffs about securing a right of way across the property in question and upon doing so were informed that the apparent owners did not want a sewer line through their property and at that time they, the plaintiffs through their local agents, were informed that your defendant would not go on the said property with the said proposed sewer line. That the said plaintiffs and their agents and representatives have been repeatedly advised by your defendant that the City of Natchitoches had no intention of going on their property or attempting to go on their said property for the purpose of constructing a sewer line.

"That the City of Natchitoches does not intend going on the property of plaintiffs herein or the private property of any individual for any purpose without the consent of the owners."

Subsequently, a preliminary writ of injunction was ordered issued on plaintiffs' furnishing bond in the amount of $100.

A trial of the merits was thereafter had, and there was judgment in plaintiffs' favor perpetuating the injunction and condemning defendant to pay the costs of the suit.

A devolutive appeal returnable to this court was requested by and granted to defendant.

In the brief of plaintiffs' counsel we find:

"Defendant then files an answer to the plaintiffs' petition in which answer the defendant then in effect abandons its intention to construct or extend the sewerage system upon or across the property of plaintiffs and which makes the question of the issuance of an injunction before the Court at this time a moot question to be determined solely for the purpose of assessing the costs of the case which costs we will state are negligible not amounting in all to the sum of Fifteen Dollars."

Defendant's counsel states in his brief that:

"By the time the suit was tried it was evident that the city was not going to attempt to go upon the lot in question and in the final analysis it boiled down to the question as to whom should pay the cost of the suit. We could reach no agreement as to this and consequently plaintiffs would not dismiss their suit. It was tried and judgment was rendered in favor of the

said plaintiffs and against the City of Natchitoches, granting the injunction."

.It is to be observed from the foregoing that there was no controversy between the parties to the cause with reference to the subject matter of the litigation at the time of the trial and when the appeal was sought and obtained. In view of this situation and the fact that the record furnishes only a moot question, we are required to and must dismiss the appeal. Moniotte v. Bouanchaud, 139 La. 445, 71 So. 735; Theus v. City of Minden, 12 La. App. 684, 127 So. 24; Browne v. Levy, Clerk of Court, 14 La.App. 645, 130 So. 633. Such action is necessary even though there exists a dispute concerning the payment of accrued costs in the case.

"Costs are merely incidental to the judgment, and where no other issue remains open in a case, no appeal will lie therein merely to settle the question of liability for costs." 2 Louisiana Digest, verbo Appeal and Error, ☞119, citing State ex rel. Lindner v. State Tax Collector, Parish of Orleans, 6 Orleans App. 345, 347.

The appeal is therefore dismissed.