421 So.2d 345 (1982)
PROGRESSIVE BANK & TRUST COMPANY
v.
DIECO SPECIALTY COMPANY, INC., et al.
No. 15087.
Court of Appeal of Louisiana, First Circuit.
October 12, 1982.
*346 Danny J. Lirette, Houma, for plaintiff-appellee.
Stanwood R. Duval, Jr., Houma, for defendant and appellant.
Before LOTTINGER, COLE and CARTER, JJ.
CARTER, Judge.
This is an appeal by R.S. Electric & Armature Works, Inc. and Marine Electric Service, Inc., defendants, from a judgment and amended judgment of the district court whereby the writ of sequestration was maintained and the validity of the mortgage on certain described movable property was recognized in favor of the plaintiff, Progressive Bank & Trust Company. We affirm.
This action commenced as an action by the bank against Dieco Specialty Company, Inc., R.S. Electric & Armature Works, Inc., and Marine Electric Service, Inc. to enforce a chattel mortgage on the movable property, consisting of lathes and presses. The petition alleged that the aforementioned mortgaged chattels had been transferred by Dieco subsequent to the mortgage to R.S. Electric and Marine Electric by a dation en paiement. The plaintiff also sought a writ of sequestration to protect its rights. R.S. Electric and Marine Electric answered in the form of a general denial; and affirmatively asserted that the chattel mortgage was null and void insofar as those particular defendants were concerned, based on the allegation that the mortgage was not properly indexed, and that under the public records doctrine the mortgage was thus without effect on said defendants as third parties; and further answered that Dieco Specialty, Inc. did not own the movable property which was the subject of the chattel mortgage, and that a described lathe had been acquired at a sheriff's sale. A default judgment was taken against Dieco, which filed no responsive pleadings.
After trial on the merits, the trial judge found that the chattel mortgage had been timely and properly filed and recorded in the office of the Clerk of Court of Terrebonne Parish, although improperly indexed, prior to the dation en paiement to R.S. Electric and Marine Electric, and was, thus, effective against them, citing LSA-R.S. 9:5354 and the jurisprudence supporting the proposition that improper indexing had no effect on whether or not the mortgage was filed and recorded. The trial court then rendered the judgment complained of on this appeal.
The action arises out of the following set of facts: On April 14, 1977, the bank obtained the chattel mortgage on nine items of equipment of Dieco Specialty, Inc. to secure a $32,800.00 loan. On May 19, 1977, the mortgage was recorded in the office of the Clerk of Court. The mortgage was indexed improperly. On January 11, 1978, a mortgage certificate from the Clerk's office in the names of Dieco, John Gray, Terrebonne Machine, and Kosco was issued to R.S. Electric. The certificate did not reflect the Dieco mortgage in favor of the bank, and an independent search of the mortgage records failed to discover the mortgage. On February 17, 1978, by dation en paiement, the appellants acquired various equipment, including the equipment subject to the chattel mortgage. Thereafter, the bank brought an executory proceeding, which was dismissed for failure to present a corporate resolution as a link in *347 the chain of authentic evidence. See Progressive Bank & Trust Company v. Dieco Specialty, Inc., 378 So.2d 139 (La.App. 1st Cir. 1979). The present action then followed.
On the question of the improper indexing as affecting the validity of the recording of the mortgage, we hold, as this Court previously held in Progressive Bank & Trust Company v. Dieco Specialty, Inc., supra at 141, the indices are not themselves part of the public records. Thus, an act which is actually recorded, but which could never be found from the indices because it is not indexed properly, is nevertheless effective against third persons. Agurs v. Belcher & Creswell, 111 La. 378, 35 So. 607 (1903); Central Lumber Co. v. Whittington, 12 La.App. 695, 127 So. 79 (La.App. 2nd Cir.1930); Redmann, the Louisiana Law of Recordation: Some Principles and Some Problems, 39 Tul.L.Rev. 491, 498 (1965).
In Swan v. Vogel, 31 La.Ann. 38, 40 (1879), the Court observed:
"The index is ordered by law to be kept for convenience, but it is not a part of the mortgage record. Certainly it does not take the place of the record in the book, and supersede it."
A mortgage which is properly filed for recordation, and which is subsequently recorded in the mortgage records, is effective against third parties regardless of whether or not it is properly indexed by the Clerk's office. See LSA-R.S. 9:5354, 5363. There is no merit in the contention of the appellant on this question.
The appellants also contend that the bank failed to prove that Dieco was the owner of the equipment which it had mortgaged. The basis for this contention is that the president of R.S. Electric, Robert Sobert, testified that at the time of his company's acquisition of the equipment by the dation en paiement, the equipment was on the premises of Terrebonne Machine & Welding and was being utilized by that concern. The record contradicts this contention of appellants. The mortgage forming the basis of this lawsuit clearly warrants that Dieco is the owner in full ownership of said property. The testimony of Mr. Sobert does not establish that Terrebonne Machine, rather than Dieco, was the owner of the equipment. The trial judge had an opportunity to consider the evidence presented to him on the trial of this matter, and his decision indicates that he was of the opinion that the bank had fully established its claim, including that the mortgagor was the owner of the subject property. Our review of the record convinces us that there is a reasonable factual basis for the finding of the trial court, and further that the finding of the trial court is not clearly wrong or manifestly erroneous. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
Accordingly, for the reasons assigned, we affirm the judgment of the district court at the appellants' costs.
AFFIRMED.