ST. PAUL, J.
 

 Plaintiff, aged about 40 years, is a successful and reputable physician living with his wife in decent surroundings in the city of New Orleans.
 

 He brings this action of habeas corpus to obtain the custody and care of his minor daughter, Stella Willie Kirby, child of a íotmer marriage, aged about 12 years when these proceedings were commenced, and aged about 15 years now.
 

 His present (second) wife has no children of her own, and is herein aiding her husband and desirous of having the child restored to its father and reared as a member of the family to which, by nature, it belongs.
 

 The defendant, who is resisting the claim of the father, is a childless widower, aged about 70 years, living alone in one of the 'rural districts of Livingston parish, and without near relatives or connections either male or female.
 

 The child is (or was, at the time this case was tried below) actually living with a sister of her deceased mother, somewhere also in Livingston parish.
 

 I.
 

 The circumstances under which plaintiff finds himself compelled to resort to these proceedings are as follows:
 

 Plaintiff was the only child of his parents. His father died when he was still very young, and his mother then married a second time: Her second husband was this defendant. There were no children of this second marriage, and defendant had no children of his own.
 

 When plaintiff was about 22 or 23 years of age, that is to say, about 1910, he married his first wife, Stella Harris. The child, Stella Willie Kirby, over whom this controversy is being had, was born in 1911 or 1912; and eighteen days after her birth her mother died.
 

 The child was taken in charge by her grandmother, plaintiff’s mother, defendant’s wife. But at no time did plaintiff ever neglect his child or fail to keep himself informed about her condition and welfare, though she was in the physical care of his mother.
 

 When his mother died, the child being about 12 years old and the conditions being such as we have set forth at the beginning of this opinion, plaintiff then demanded his child; and his stepfather resists his demand on the ground that he (plaintiff) is morally unfit to have the care and rearing of his ■child.
 

 II.
 

 Of the grounds of moral unfitness urged against plaintiff only three are worthy of even so much as passing notice. Thus:
 

 (1) That he maltreats his present wife.
 

 (2) That he maltreated his first wife, the mother of the child involved.
 

 (3) That he maltreated his mother by striking her so brutally as t'o lead to her death.
 

 III.
 

 1. The only evidence that plaintiff maltreats his present wife is some testimony to the effect that she once complained of his treatment of her. On the other hand, plaintiff denies that he ever illtreated her, and she also denies that he ever did so or that she ever complained of him. And all the circumstances of this case, including a mass of correspondence between all the parties connected herewith, show conclusively that the
 
 *793
 
 charge has not the slightest foundation in fact.
 

 2. The only evidence ■ that plaintiff ever maltreated his first wife is the fact that one evening she went over to her uncle and complained that plaintiff had illtreated her ; she did not say how. She returned that same evening to her husband, accompanied by her brother, and remained with him ever after-wards without once renewing her complaint. Plaintiff testifies that the sum and substance of this whole matter was that his wife left him in a huff that evening because he complained that she. listened too much to the meddlesome advice of some of her relatives; that she returned to him that same evening, accompanied by her brother, and that was the end of the matter. This entirely too frivolous to comment upon.
 

 3. The only evidence that plaintiff so maltreated his mother as to lead to her death is that she complained to her husband (defendant) on a certain occasion that plaintiff had struck her, and that she died six or eight months afterwards.
 

 The facts are that she was in the habit of taking large doses of a certain panacea, or sovereign remedy for human ills, and this had affected her mind to the extent that she imagined things; for instance, on one occasion, that her husband (defendant.) had put her out of his house. And she died of a tumor on the brain, attributable (or attributed) to the excessive use of this same drug.
 

 On the other hand, there were three persons present on the occasion when plaintiff’s mother claimed that he had struck her, to wit, plaintiff, plaintiff’s present wife, and plaintiff’s daughter (the child in controversy). They all testify that this is all that occurred. Plaintiff complained to his mother that the child was underweight and not being properly nourished, because she was allowed to pick her food and eat only what she fancied . instead of being encouraged to eat strengthening food. He directed his daughter to drink a glass of milk and the child obeyed him in spite of her grandmother’s insistence that she should not, whereupon
 
 the grandmother slapped the child for doing so,
 
 and that was all.
 

 This outrageous charge is therefore purely wanton and wholly unfounded.
 

 IY.
 

 The judgment below went against plaintiff, which was manifestly erroneous.
 

 Decree.
 

 The judgment appealed from is therefore reversed, and the writ of habeas corpus herein issued is now made peremptory. And accordingly it is now ordered that plaintiff, J. W. Iiirby, be given the permanent care and custody of his minor daughter, Stella Willie Kirby, free, of all interference on the part of the defendant, George W. Fletcher, or of any other person .or persons whomsoever. And it. further ordered that the said George W. Fletcher pay all the costs of these proceedings in both courts.