## No. 1,193.

### J. M. COLVIN vs. W. E. WOODWARD.

Where a devolutive appeal is taken from an alternative judgment which directs the defendant to do a certain thing within a fixed delay, and in default thereof, inflicts a more onerous penalty, execution of the first alternative under protest, and with reservation of rights of appeal, is not such voluntary acquiescence as destroys the appeal.

The Homestead right cannot be contractually waived, renounced or destroyed, otherwise than by sale or its equivalent, and, finding that in this case the defendant has not sold or alienated his homestead, his claim for its protection must be sustained.

APPEAL from the Third District Court, Parish of Lincoln. *Young*, J.

---

*Patterson & Dormon* and *Sam'l Barksdale* for Plaintiff and Appellee:

Where act of sale and counter letter both concur in asserting that it is a sale, the latter containing the agreement that the vendor may redeem within a given time, it must be held to be a sale with the right of redemption, and if the right is not exercised within the time agreed on, the vendor can not exercise it afterwards, and the purchaser becomes irrevocably possessed of the thing sold. C. C. 2570. 38 Ann. 271.

Act of sale and counter letter, though not designed by the parties to be absolutely final, the title to be put back in vendor's name as soon as the conditions of their execution are complied with, does not establish a simulation but a real transaction by which title passes. 38 Ann. 482; 39 Ann. 488.

Where any one of the conditions required by Article 222 Constitution ceases to exist, the right to the homestead must fall. Dennis vs. Gayle, et al, 39 Ann. reported in Southern Reporter, page 6.

*Graham & Holdstead*, for Defendant and Appellant:

Supreme Court has appellate jurisdiction in all cases where homestead rights are involved Amendment of Article 81 of Constitution.

An appeal is a Constitutional right, and the " act should be unequivocal to authorize a presumption of the abandonment of so important a right. 1. La. 296, 24 Ann. 485, 29 Ann. 762, 862.

No mortgage nor promise to sell land legally set apart as a homestead can be enforced, and no court has jurisdiction to compel compliance. Constitution—Articles 219, 220. 221 and 222.

Where an agreement for the sale of immovable property has for a basis a giving in payment, such agreement can have no effect unaccompanied by actual delivery. C. C. 2656.

Where leision exists in an agreement for the sale of real estate it cannot be enforced. C. C. 1860, 1861.

Parol is not admissible to prove a promise to sell immovable property. C. C. 2275, 2276.

The opinion of the Court was delivered by

FENNER, J. This action is brought to enforce specific performance of the following written contract signed by defendant:

" I hereby agree to carry J. M. Colvin one bale of cotton, and make a deed to him of forty acres of my land, and he make a deed to me for the land I deeded him, and which is now on record in his name, this October 5, 1886."

The defense is that the land referred to in the instrument, is part of his duly recorded Homestead, and that, under the Constitution of the State, the court is without jurisdiction or authority to compel him to execute the agreement so far as said land is concerned.

The court à qua gave judgment in favor of plaintiff, ordering defendant, within thirty days from its date, to execute a deed conveying to plaintiff forty acres out of the one hundred and sixty acre tract claimed as his Homestead, and in default thereof, that plaintiff " have the right of selecting from the above described land, such forty acres as he may desire, and, upon filing such selection in the office of the clerk of court, and having same duly recorded in the book of Conveyances, he be decreed the absolute owner, and be put in possession of same."

Defendant forthwith applied for and obtained a devolutive appeal to the Circuit Court, which dismissed it (so far as the land is concerned) on the ground that it involved the Homestead right, which is within the exclusive appellate jurisdiction of this Court. Defendant then took out his present devolutive appeal to our Court. Before the lapse of the thirty days allowed in the judgment of the District Court, defendant executed a deed to plaintiff of forty acres of land, selected by himself, reciting, however, in the deed, that he had taken and intended to prosecute a devolutive appeal from the judgment, and reserved all his rights of appeal, and that he so acted because he was unable to take a suspensive appeal, and because, on his failure to do so, plaintiff would execute his judgment by selecting the most valuable forty acres, containing the dwelling, etc., of himself and family, and oust them from the possession thereof.

MOTION TO DISMISS.

This motion is based on two grounds:

1st. That the case involves no right to Homestead, because the contract sued on is a *sale* of part of the Homestead, which is expressly permitted by the Constitution.

2d. That the defendant has acquiesced in the judgment by the voluntary execution thereof.

So far as the first ground is concerned, it clearly goes to the merits of the case, and involves the very question to be decided by us as to the validity of the Homestead right set up by defendant.

The second ground we consider untenable.

The Code of Practice denies the right of appeal to a party when he has acquiesced in the judgment by executing it voluntarily. Article 567.

Here was an alternative judgment, under the terms of which defendant was bound, within thirty days, to convey to plaintiff forty acres of his homestead tract selected by himself, or, on his failure so to do, giving plaintiff the absolute right to select the land on which the dwelling-house of his family was situated, and to turn them out and take possession.

Being unable to appeal suspensively, what was defendant to do?

The alternative presented to him was very similar to that discussed in a former case, where the Court said: "The defendant has to satisfy the judgment, or go to jail. There is not here the acquiescence which the law contemplates. It must be the voluntary act of the debtor." State ex rel. Hoey vs. Brown, 29 Ann. 862.

Here the defendant had to select and convey the land or have himself and family turned out of house and home. .

In another case, where payment was made under threat to seize and sell a merchant's stock in trade, this was held not to be such voluntary execution as debarred appeal. Johnson vs. Clark, 29 Ann., 762.

In a case yet more similar to the instant one, the judgment condemned defendant to deliver 6000 pounds of cotton, or in default thereof to pay $3120. Execution having issued, defendant delivered the cotton, which cost him only $1920, in order to avoid a seizure for the larger alternative sum named in the judgment, and this was held to be not a voluntary settlement, but one made "under compulsion of the law," and not debarring a devolutive appeal. Yale vs. Howard, 24 Ann. 458.

It is true that in the above case execution had been issued; but here execution was not necessary to expose the defendant to the danger

and damage which he sought to avert; because, under the terms of the judgment, by the mere lapse of thirty days, his right to select the forty acres to be delivered expired and plaintiff acquired the absolute right to make his own selection, which defendant would, thereafter, have been powerless to prevent.

For these reasons the motion to dismiss the appeal is denied.

## ON THE MERITS.

Plaintiff denies that defendant is entitled to any protection under the homestead law, on two grounds, which we will consider successively.

1. He claims that defendant's recorded Homestead claim had been lost by virtue of a prior sale which he had made to him of this entire property. It appears that in 1886, defendant being indebted to plaintiff in the sum of $79 39, executed a deed to the latter of his whole Homestead tract of 160 acres. It is stated among the allegations of plaintiff's own petition that this conveyance was executed "in order to secure unto him the full and punctual payment of said sum," and that he gave to defendant "a counter letter stating that said deed was made for the purpose of securing to petitioner the payment of the said sum of $79 39, and agreeing that if said sum was paid by 1st of November, 1886, he would reconvey said land to defendant."

Neither the deed nor the counter letter appear in the record, but the foregoing statement of their contents conclusively stamps the transaction, which was unaccompanied by any delivery, as merely hypothecary or pignorative in its character, and neither intended nor operating as a divestiture of plaintiff's title. The amount due was subsequently paid by defendant and the transaction was cancelled by a return to each other of the deed and the counter letter, though plaintiff never executed a formal reconveyance of the land, which he is ordered to do by the present judgment. We are satisfied this transaction never transferred the ownership or destroyed defendant's homestead right.

2. It is claimed that the contract now sought to be enforced is itself enforceable as a sale or promise to sell a part of the homestead, which is valid under Article 222 of the Constitution, which, after prohibiting mortgages or waiver of homestead rights, declares that "the right to sell any property which shall be recorded as a homestead shall be preserved."

The defendant undoubtedly has the right to sell—but has he sold?

It is too self-evident to require comment that the instrument copied in the beginning of this opinion is not a sale. It is simply an executory promise to convey.

Article 220 of the Constitution declares: "No court or ministerial officer of this State shall have jurisdiction or authority to enforce any judgment, execution or decree, against the property set apart as a homestead."

This decree is obviously one to be enforced against the homestead property, in satisfaction of a right claimed which is not within any of the exceptions to the prohibition. No court has authority to render or enforce any such decree.

This defendant has his homestead rights in this property, which he cannot validly waive or renounce, or contractually destroy, otherwise than by sale or its equivalent, and he has not sold or alienated the property. He asserts those rights and we are bound to protect them. It is not necessary, nor do we mean, to determine whether any alienation of the homestead other than by sale would be valid. Here there was no alienation.

It is, therefore, ordered, adjudged and decreed, that the judgment appealed from, in so far as it orders defendant to convey to plaintiff any portion of his homestead tract, or recognizes the right of plaintiff to claim or take any portion thereof, be and the same is annulled, avoided and reversed, and the demand of plaintiff to that effect is rejected, without prejudice to any other portions of said judgment which are not within our jurisdiction, plaintiff and appellee to pay costs of this appeal.