PROVOSTY, J.
The town council of the town 'of Slidell having, on September 5, 1911, passed an ordinance authorizing the mayor to buy, part cash and part on a credit of six months, certain property needed for the widening of a street, the plaintiff applied on September 25, 1911, for an injunction to prevent the carrying out of said ordinance, or, in ease the purchase had already been made, then, to prevent the paying of the credit part of the price, on the ground that no provision had been made for meeting the payments under said ordinance; there being no funds on hand legally attributable to same, and none derivable from the revenues of the year 1911, since these revenues were already insufficient to meet the ordinary, forced expenses of the town.
A rule nisi issued, and the town authorities, in response thereto, filed an exception of no cause of action, and excepted further 'that the persons from whom the ordinance authorized the purchase to be made had not been joined as defendants in the suit. And, with reserve of these exceptions, they pleaded, as further cause why the injunction should not issue: First, that the application for injunction came too late, the purchase having already been made and the cash part of the price paid; and, secondly, that prior to the adoption of said ordinance the council had made provision for meeting the payments under it by a resolution empowering its finance committee “to contract for and raise the necessary funds” for making said purchase. This resolution was annexed to the plea; as also a copy of the act of purchase. This act bears date September 7, 1911, and recites that $1,500 of the price has been paid cash, and two notes of $500, each, payable in six months, have been executed for the credit part of the price.
[1] The exceptions of no cause of action and want of proper parties were tried, and sustained, and plaintiffs have appealed. The other pleas, going as they do to the merits, were not considered, and are not involved in the present appeal. And properly so, since the case is being considered, not on the merits, but on rule nisi. In the case of Heyniger v. Hoffnung, 29 La. Ann. 57, this court said:
“The object of the rule nisi is to give an opportunity to the defendant to show that an injunction is not allowable on the face of the papers, or in other words, that the facts and allegations contained in the petition are not sufficient to warrant the court in issuing the writ. An examination of the merits on the trial of that rule is premature.”
[2] In this same case the court held that it would review the action of the lower court on rule nisi in refusing an injunction, in a case where the facts and allegations of the petition for injunction justified the issuance of the writ.
[3, 4] There can be no dispute but that the municipalities of the state are prohibited from contracting debts without having made provision for their payment. Oubre v. Donaldsonville, 33 La. Ann. 386; Snelling v. Joffrion, 42 La. Ann. 886, 8 South. 609; Bank v. Town of Jennings, 107 La. 547, 32 South. 66; Blanks v. Town of Monroe, 110 La. 944, *215 34 South. 921. And there can be no dispute that if a municipality attempts to do so, an injunction will lie at the suit of one or more of its taxpayers. Handy v. City of New Orleans, 39 La. Ann. 109,1 South. 593; City of Item v. City of N. O., 51 La. Ann. 713, 25 South. 313; Hudson v. Police Jury, 107 La. 387, 31 South.. 868; Sugar v. Monroe, 108 La. 677, 32 South. 961, 59 L. R. A. 723. But an injunction will not lie to enjoin the doing of a thing already done. Trevigne v. School Board, 31 La. Ann. 105; Callan v. Board, 45 La. Ann. 673, 12 South. 834. The injunction asked for in the present case could therefore issue only to prevent the further carrying out of the ordinance in question; that is to say, against any purchase being made, in case none had yet been made, and against the payment of whatever part of the purchase price yet remained unpaid, in ease the purchase had already been made and a part of the price had already been paid.
[5] In so far as seeking to enjoin the further execution of the contract, however, the suit would be one to annul the contract; and it stands to reason that to such a suit all parties to the contract would have to be made parties. 22 Cyc. 912; 28 Cyc. 1746; Willis v. Wasey, 42 La. Ann. 876, 8 South. 591, 879, and authorities there cited; Theriot v. Daigle, 125 La. 363, 51 South. 292. In the absence of these parties, therefore, the injunction can issue only to prevent the execution of the ordinance in case the contract it authorizes has not yet been entered into.
Such an injunction will prove to be mere brutum fulmen if, as alleged by defendant, the contract has already been entered into; but of that fact the court cannot now take cognizance, since, as already stated, the case is being heard, not on its merits, but on rule nisi only, and, as such, is to be determined exclusively upon the allegations of the petition.
The judgment appealed from is therefore set aside, and the case is remanded to be proceeded with in accordance with the views hereinabove expressed. The defendant to pay the costs of the appeal.