On the Merits.
The judgment appealed from is within the lines indicated in the opinion heretofore handed down by this court (Dunham v. Town of Slidell, supra). It does not attempt to prohibit the doing of things already done; and, in so far as it purports to undo such things, it does so upon the basis of a trial had contradictorily with the parties in interest.
[2] The resolutions here involved speak for themselves; they purport to authorize the municipal authorities to contract debt, without providing the means of paying it, in violation of section 2448 of the Revised Statutes; to make expenditures from the revenues of the year 1911, when the evidence shows that no budget of receipts and expenditures had been adopted for that year and that no funds, derived from its revenues, were available for such expenditures, in violation of Act 32 of 1902, § 1, p. 39; and to authorize the issuance of evidences of indebtedness, without having money actually in the treasury wherewith to pay them, in violation of Act 30, of Extra Sess. 1877, § 5, p. 47, and Act 136 of 1898, § 15, subsee. 17, p. 230. See Dunham v. Town of Slidell, 133 La. 214, 215, 62 South. 635, and cases there cited.
Counsel for plaintiff says, in his brief (referring to the opinion of the judge a quo):
“His honor further goes out of the record when he states * * * ‘that no budget of the revenues and disbursements, as required by law, was ever adopted by the mayor and board of aldermen of the town of Slidell for the years 1911 and 1912.’ There is nothing in the record on this point (testimony, 56 to 58).”
The counsel has fallen into error; on page 57 of the testimony, Mr. Liddle, a member of the town council and the only witness who was called in the case, testified as follows (without the objection which came after-wards) :
“Q. Have you made an examination of the minute book of the town council, from which I have offered extracts in evidence? A. Yes, sir. Q. State whether or not you find any entry showing whether or not the town council of Slidell made any budget for the year 1911? A. No, sir, it doesn’t show. Q. Can you state, as a matter of fact, whether, when those resolutions were passed, authorizing the purchase of this property, the town had any money applicable for the payment of that property? A. I couldn’t say; they could make or borrow it. Q. Did they have' it from the taxes of 1911? A. No, sir.”
We find no error in the judgment appealed from and it is
Affirmed.