(108 So. 874)

No. 27228.

## CAREY et al. v. LOUISIANA HIGHWAY COMMISSION et al.

(May 3, 1926.   Rehearing Denied May 31, 1926.)

*(Syllabus by Editorial Staff.)*

**Appeal and error** ⬅➡781(4).

Suit denying injunction against road construction by highway commission will not' be reviewed after completion and acceptance of work sought to be enjoined.

Appeal from Third Judicial District Court, Parish of Union; S. D. Pearce, Judge.

Suit by Victor A. Carey and others against the Louisiana Highway Commission and others. Judgment for defendants, and plaintiffs appeal. On motion to dismiss. Appeal dismissed.

George Wesley Smith, of Rayville, and G. H. Holloway, of Farmerville, for appellants.

. W. M. Barrow, of Baton Rouge, for appellee Louisiana Highway Commission.

W. J. Hammon, of Jonesboro, and H. G. Fields and J. W. Elder, both of Farmerville, for appellee police jury of Union parish.

Elder & Digby, of Farmerville, for appellees interveners.

BRUNOT, J.   This is a suit by seven taxpayers of road district No. 9 of Union parish, La.   The petition contains many recitals and reiterations, but plaintiffs' averments may be summarized in a few words.   The petition alleges that plaintiffs are residents of, and own property in, Downsville, a village located in road district No. 9, Union parish, La.; that bonds were voted by the taxpayers of said district to obtain funds for the construction of hard-surface highways along routes Nos. 11, 15, and 44, as located by Act 95 of 1921; that, as located by said acts, routes Nos. 15 and 44 intersect at a point near Downsville, but that the state highway commission, the police jury of Union parish, and the board of commissioners of road district No. 9 have surveyed and permanently located routes Nos. 15 and 44 along lines which intersect at a point eight miles from Downsville; that this survey and location of routes Nos. 15 and 44 is unlawful, and in violation of the provisions of Act 95 of 1921, and, unless the defendants are restrained from constructing the proposed roads along the lines of said survey and location, the funds realized from the sale of the bonds of road district No. 9, as well as funds of the state highway commission, will be improvidently expended, and plaintiffs will be irreparably injured. thereby. The prayer of the petition is for a temporary injunction restraining and prohibiting the Louisiana highway commission, the police jury of Union parish, and road district No. 9 of said parish from constructing, or causing to be constructed, hard-surface highways along the surveys and locations made by them of routes Nos. 15 and 44, as shown by maps and plats thereof on file in their offices and in the office of the state engineer, or from paying the cost of constructing said highways out of the funds realized from the sale of the bonds of road district No. 9 or out of funds obtained from the general highway fund; and, after hearing, for judgment perpetuating the temporary injunction.

The defendants were ruled into court to show cause why the preliminary injunction should not issue as prayed for.   Thereupon 43 resident taxpayers of road district No. 9 intervened in the suit, and in their petition allege that the resolution and ordinance of the police jury submitting to the taxpayers the proposal to levy a property tax and to issue bonds for the purpose of constructing hard-surfaced roads in the district, located the approximate routes of the proposed roads, and designated the towns or villages through which they should pass; that the surveys and location of said routes by the highway commission and the police jury conform to

the proposed routes for which the taxpayers of the district voted that roads should be constructed. This was the status when the present suit was filed and decided adversely to the plaintiffs, from which judgment they appealed. Since then the roads have been constructed according to the surveys and plans of the highway commission, the police jury of Union parish and the board of commissioners of road district No. 9, and the roads, as constructed, have been accepted by the governing authorities.

The defendants have filed a motion in this court setting forth these facts as grounds for the dismissal of plaintiffs' appeal. Defendants have annexed to the motion copies of certificates of W. B. Robert, state highway engineer, and W. E. Atkinson, chairman, state highway commission, showing that the road construction which plaintiffs in this suit seek to enjoin has been completed and accepted. Whatever may have been plaintiffs' rights in the premises at the inception of the suit have been lost by the completion and acceptance of the work, and it would be a vain and useless thing for this court to enjoin an act that has been fully performed or the doing of something that has already been done. For these reasons, the motion to dismiss this appeal is sustained, and the appeal is dismissed, at appellants' cost.