(115 So. 128)

No. 26814.

## TURNER v. CITY OF NEW ORLEANS.

Nov. 28, 1927.

*(Syllabus by Editorial Staff.)*

**1. Appeal and error ⚖═891—Supreme Court cannot receive evidence originally, except to determine jurisdiction.**

The Supreme Court cannot receive evidence originally, except to determine questions of jurisdiction.

**2. Appeal and error ⚖═781 (4)—Where record showed that it was too late for Supreme Court to grant plaintiff relief, appeal was dismissed.**

Where plaintiff's petition alleged that, unless injunction issued, city would accept bids for paving and carry out contract, and where appeal from judgment denying relief remained on Supreme Court's docket for over three years without motion to advance it for hearing, appeal was dismissed, as too late for effective relief.

Appeal from Civil District Court, Parish of Orleans; Porter Parker, Judge.

Suit by Gustave Turner against the City of New Orleans. From a judgment for defendant, plaintiff appeals. Appeal dismissed.

Claude L. Johnson, of New Orleans, for appellant.

Bertrand I. Cahn, City Atty., and Francis P. Burns, Asst. City Atty., both of New Orleans, for appellee.

O'NIELL, C. J. This is a suit for an injunction to prevent the commission council of New Orleans from accepting bids for certain paving certificates and from accepting and carrying out a contract for the paving of South Claiborne avenue from Canal street to Poydras street. The suit was filed in April, 1924, and it was alleged in the petition that the bids would be accepted and the contract forthwith carried out unless a writ of injunction should issue. The only relief prayed for was that the city should be ordered to show cause why a temporary injunction should not issue, and that, after trial, the injunction should be perpetuated. The city, answering the rule to show cause why the injunction should not issue, pleaded that the petition did not disclose a cause or right of action. The plea was maintained, and the plaintiff appealed. The city has moved to dismiss the appeal on the ground (1) that the bids were accepted and the contract was made and carried out, as the plaintiff alleged would be done if the injunction did not issue; (2) that three annual installments of the paving charges against the plaintiff's property, for the paving done under the contract, have been paid; and (3) that the plaintiff has since sold his property on South Claiborne avenue and therefore has now no interest in this suit. The motion to dismiss is supported by the official certificates (1) of the commissioner of public property; (2) of the commissioner of public finances; and (3) of the recorder of conveyances.

[1, 2] As this court cannot receive evidence originally, except to determine questions of jurisdiction, we would remand this case for proof of the allegations of the motion to dismiss, but for the fact that the record itself shows—by the allegations of the plaintiff's petition—that it is now too late for the court to grant him the relief which he prayed for. He alleged—and we have no doubt it was true—that the bids were then about to be accepted, and that the contract was about to be let and executed, and that the bids would in fact be accepted, and that the contract would be forthwith let and executed if the injunction did not issue. His appeal from the judgment denying him the relief has remained on the docket of this court over three years, without any motion being made to advance it to the summary docket to be heard promptly. His attorney has not filed a brief or otherwise opposed the motion to dismiss. It is obvious that

the acts which he sought to prevent by an injunction have been performed, and that the relief which he prayed for is not now available.

The appeal is dismissed.