The judgment appealed from is therefore affirmed.

O'NIELL, C. J., dissents from the rulings on bills 1 and 31.

─────────

(116 So. 217)

No. 27124.

### GULF COAST CONST. CO. v. ADAMS, Mayor, et al.

March 12, 1928.

*(Syllabus by Editorial Staff.)*

Appeal and error ⬤⟹781(4)—Appeal from dismissal of suit to enjoin letting of paving contract will be dismissed, where work has been completed and accepted.

Appeal from dismissal of suit to enjoin letting of paving contract will be dismissed, where contract has been let, and work thereunder completed and accepted by town, so that relief sought is no longer available.

Appeal from Fifth Judicial District Court, Parish of Franklin; John R. McIntosh, Judge.

Suit by the Gulf Coast Construction Company against W. H. Adams, Mayor, and others, as Board of Aldermen of town of Winnsboro, and the Flenniken Construction Company. From judgment of dismissal, plaintiff appeals. On motion of defendant last named to dismiss the appeal. Appeal dismissed.

John W. Lewis, of Opelousas, and George T. Edwards, of Winnsboro, for appellant.

Blanchard, Goldstein & Walker, of Shreveport, for appellee Flenniken Const. Co.

O'NIELL, C. J. The plaintiff sought an injunction from the district court to prevent the letting of a paving contract by the mayor and board of aldermen of the town of Winnsboro

to the Flenniken Construction Company. The district judge issued a temporary restraining order and a rule ordering the defendants, mayor and board of aldermen, and the Flenniken Construction Company, to show cause why a preliminary injunction should not issue. The defendants answered the petition, and, after hearing evidence, the judge refused to issue an injunction, and dismissed the suit. The plaintiff appealed. The Flenniken Construction Company, appellee, has moved to dismiss the appeal on the ground that, soon after the suit was dismissed, the contract was let and the paving done, and that the work has been completed, and has been accepted by an ordinance of the board of aldermen. A certified copy of the ordinance, dated June 8, 1925, is annexed to, and filed with, the motion to dismiss the appeal. The suit was filed in January, 1925, and the transcript of appeal was filed in this court in March, 1925. There was no motion to advance the case to the summary docket. The relief which the appellant sought is not now available.

Under authority of Carey v. Louisiana Highway Commission et al., 161 La. 435, 108 So. 874, and Turner v. City of New Orleans, 164 La. 1013, 115 So. 128.

The appeal is dismissed.