ROGERS, Justice.
 

 The defendant Stella Willie Kirby is the issue of the marriage of the plaintiff, Dr. James W. Kirby, and his first wife, Stella Harris. Shortly after the birth of Stella Willie Kirby, her mother died, and the child was taken in charge by her grandmother, plaintiff’s mother. All the parties were resi
 
 *771
 
 dents of the parish of Livingston at the time. When Stella Willie Kirby was about 12 years old, plaintiff, her father, who had remarried and was residing in the city of New Orleans, brought habeas corpus proceedings against George W. Fletcher, the second husband of his mother, for the custody of the child. Plaintiff was unsuccessful in the district court, but this court reversed the judgment and awarded him the custody of his child, who was then about 15 years of age. See Kirby v. Fletcher, 163 La. 790, 112 So. 723. Some time after the decree of this court became final, Dr. Kirby obtained the actual custody of his daughter, who remained with him at his domicile in the city of New Orleans until in the early part of the year 1930.
 

 In the month of March, 1930, Stella Willie Kirby returned to her relatives in Livingston parish, and, being over the age of 18 years, applied to the district court of that parish for emancipation. Her application was successful, and a judgment of emancipation was duly entered thereon. Subsequently her father, Dr. J. Wi Kirby, alleging the court was without jurisdiction, brought this suit to annul the judgment.
 

 The petition for emancipation was filed in the district court for the parish of Livingston on March 19, 1930, and on the same day the judgment of emancipation was rendered and signed. This suit to annul the judgment was filed on March 29, 1930. The case was tried on February 14, 1931, and on April 6, 1931, a judgment was rendered in defendant’s favor dismissing plaintiff’s demand. This judgment was signed on April 24, 1931. Plaintiff appealed, and the transcript of appeal was lodged in this court on June 16, 1931. No motion to advance the case to the summary docket was made, and the ease was assigned in its regular order for hearing on December 5, 1932. When the case was called pursuant to this assignment, it was continued by mutual consent, and was reassigned for hearing on January 31, 1933, at which time it was submitted on the briefs filed by counsel for the respective litigants.
 

 Counsel for the appellees direct our attention to the fact that the defendant Stella Willie Kirby is now 21 years of age, having reached her majority on January 8, 1933, and suggest that, as the appeal involves only a moot question, it should be dismissed.
 

 The record shows affirmatively that Stella Willie Kirby was born in the parish of Livingston on January 8, 1912. She therefore became of full age on January 8, 1933. The relief which the appellant sought is not now available, and his appeal should therefore be dismissed. Moniotte v. Bouanchaud, 139 La. 445, 71 So. 735; Carey v. Lousiana Highway Commission, 161 La. 435, 108 So. 874; Turner v. City of New Orleans, 164 La. 1013, 115 So, 128; Gulf Coast Const. Co. v. Adams, 165 La. 873, 116 So. 217.
 

 For the reasons assigned, the appeal herein is dismissed.