**65 So.2d 893**

## FRERET CIVIC ASS'N v. ORLEANS PARISH SCHOOL BOARD.

### No. 40995.

June 1, 1953.

Harry R. Cabral, Harry R. Cabral, Jr., Wm. M. Campbell, Jr., and Lewis R. Graham, New Orleans, for plaintiffs-appellants.

Henry B. Curtis, City Atty., Jorda S. Derbes, Asst. City Atty., Samuel I. Rosenberg, New Orleans, Atty. for Orleans Parish School Board, for defendant-appellee.

A. P. Tureaud, New Orleans, for intervenors-appellees.

HAWTHORNE, Justice.

In this suit plaintiff prayed for the issuance of an injunction restraining and enjoining the Orleans Parish School Board from converting the Merrick School from white usage to Negro usage. A rule nisi issued ordering the defendant to show cause why a preliminary injunction should not issue in this cause as prayed for by plaintiff. Upon trial of this rule the suit was dismissed, and plaintiff has appealed devolutively to this court.

In this court appellant contends that the lower court erred in dismissing its suit and denying to it an injunction for the reason that the school board had not complied with the mandatory provisions of LSA–R.S. 17:-321–326, and especially the provision that "It shall be unlawful for any parish school board in any city having a population in excess of three hundred thousand to change the use or classification of any school building or school property from negro to white or from white to negro, without first having obtained the written consent of at least seventy per cent of the property owners in the area within lines drawn parallel to and six hundred feet distant from the property wherein a change in use or classification is proposed". It is admitted that this provision of the statute has not been complied with.

In the lower court the defendant school board, as well as certain parties who intervened in the suit, specially pleaded the unconstitutionality of the statute. This plea was sustained upon the lower court's conclusion that the statute was a local or special law enacted without prior notice of intention to introduce it, in violation of Article 4, Section 6, of the Constitution of Louisiana; that it was an unlawful delegation of legislative power, in violation of Article 2, Sections 1 and 2, of the Constitution of Louisiana, and that it violated the due process clause of the Fourteenth Amendment of the Constitution of the United States.

■ While the appeal to this court was pending, the Orleans Parish School Board converted the Merrick School from white usage to Negro usage. This fact is not denied by plaintiff-appellant. Counsel for appellees informed the court of this during the argument of the case and have filed in the record affidavits showing that the conversion was completed on or about September 2, 1952, and that this school is now being operated as the Samuel J. Green Junior High School for Negro children. We have no recourse, therefore, except to dismiss the appeal, since the act which appellant sought to enjoin has been fully performed and the conversion is now an accomplished fact.

■ The law is well settled that, where an appeal is taken from an order dissolving or denying a preliminary injunction

and pending the appeal the act sought to be restrained or enjoined is accomplished, the appeal will be dismissed. Dunham v. Town of Slidell, 133 La. 212, 62 So. 635; Carey v. Louisiana Highway Commission, 161 La. 435, 108 So. 874; Turner v. City of New Orleans, 164 La. 1013, 115 So. 128; Gulf Coast Const. Co. v. Adams, 165 La. 873, 116 So. 217; Walters v. Childers, 214 La. 531, 38 So.2d 160; Theus v. City of Minden, 12 La.App. 684, 127 So. 24; Miller v. People's Homestead & Savings Ass'n, La. App., 161 So. 656; Forrest v. Messenger, La.App., 20 So.2d 766.

We recognize that even a suspensive appeal in the instant case would have been no protection to the appellant pending the appeal against the performance of the act it sought to enjoin. Under these circumstances, the only relief available to appellant was under the supervisory jurisdiction of this court, and it did not seek such relief.

Our dismissal of the appeal is not to be construed as a decision of the questions raised by the pleadings and the evidence adduced in this case or as an affirmance of the judgment refusing to grant the injunction or as affecting the substantive rights of the parties to this litigation. We shall therefore dismiss the appeal without prejudice to the appellant.

For the reasons assigned, the appeal is dismissed without prejudice to the appellant. Appellant is to pay all costs.