PONDER, Justice.
 

 Smallen Navarre brought an action in jactitation against Lafayette Parish School Board and J. C. Landry alleging that the defendants were slandering his title. The defendants answered, including an exception of no cause or right of action in which they admitted that they were claiming title to the property, but averred that the plaintiff had not been in possession of the property in question for a year prior to the filing of the suit and that, therefore, the plaintiff was without interest in the subject matter of the litigation and had no right or cause of action to pursue the cause. Thereupon, the plaintiff filed a motion for a judgment on the face of the pleadings on the ground that the defendants admitted the slander of title and had failed to comply with LSA-R.S. 13:5063 and 13:5064, in that the defendants did not raise the defense of possession on the part of the plaintiff by way of an exception in limine litis. The trial judge gave judgment in favor of the plaintiff, ordering the defendants to either disclaim title to the property or assert same in a proper proceeding within 60 days or in default thereof .that they be forever barred from asserting title to the property. The defendants applied to this Court for writs of certiorari, prohibition and mandamus.
 
 *879
 
 The writs were denied on the ground that the defendants had a remedy by appeal. The defendants filed suit in the lower court, in compliance with the judgment of the lower court, asserting title to- the property wherein they alleged the suit was filed with full reservation of their rights to- appeal the judgment. The defendants then perfected a devolutive appeal. The plaintiff has now moved to dismiss the appeal on the ground that the question presented therein is moot.
 

 The judgment in the jactitation action was signed on September 8, 1954; writs were refused by this Court on October 4, 1954; the defendants’ suit asserting title, in compliance with the judgment, was filed October 29, 1954; and a devolutive appeal was taken to this Court on November 3, 1954. The defendants allowed the time in which they could have applied for a suspensive appeal to- lapse. Probst v. DiGiovanni and Dammerau, La.Sup., 76 So.2d 909.
 

 The fact that the defendants 'Stated in their suit, asserting title to the property, that it was brought pursuant to the judgment of the lower court with full reservation of their rights to- appeal from the judgment reserved nothing. If the defendants are aggrieved, it is because they neglected to- take a suspensive appeal. The act which the defendants seek to overturn by appeal has been fully performed and is now an accomplished fact. Any decision that this Court could render on the appeal would be useless.' If we decided in favor of the plaintiff, we could only order-the defendants to assert title or disclaim it. If' we were to decide in favor of the defendants, it would be a vain and-useless thing because the defendants have already filed a suit asserting title to- the property in compliance with the judgment- and any action on our part could' not affect the trial of that suit. The suit now pending in the lower court will probably be heard and tried before this Court could pass on the appeal. In cases where no practical results can be obtained, this Court will not entertain the appeal. Dunham v. Town of Slidell, 133 La. 212, 62 So. 635; Carey v. Louisiana Highway Commission, 161 La. 435, 108 So. 874; Gulf Coast Const. Co. v. Adams, 165 La. 873, 116 So. 217; Turner v. City of New Orleans, 164 La. 1013, 115 So. 128; Pettingill v. Hills, Inc., 199 La. 557, 6 So.2d 660; Freret Civic Association v. Orleans Parish School Board, 223 La. 407, 65 So.2d 893; State ex rel. Clement Betpouey, Jr. & Co. v. Jefferson Parish Waterworks District, 223 La. 566, 66 So.2d 338.
 

 The defendants contend that they did not voluntarily acquiesce in the judgment by filing the suit asserting title to the property but merely did so to protect their rights. It is immaterial for what purpose the defendants filed the suit because it is well settled that when a thing commanded to be done or given, is done or given, the judgment is acquiesced in. Mason v. Red River Lumber Co., 188 La. 686, 177 So. 801, 115 A.L.R. 117; Buntin v. Johnson, 27 La.Ann.
 
 *881
 
 625: see also Riley v. Kaempfer, La.App., 175 So. 884.
 

 For the reasons assigned, the appeal is ■dismissed at appellants’ cost.