■GLADNEY, Judge.
Alva G. Blanchard has perfected a de-volutive appeal to this court from a judgment sustaining an exception of no Cause and no right of action, recalling a rule nisi and denying a demand for a writ of preliminary injunction. In this court the appellee has filed a motion to dismiss' the appeal on the ground that the issues presented are moot inasmuch as the work sought to be "enjoined has already been completed. 'Accompanying and in support of the motion is evidence in the form of affidavits. No opposition has been offered to the motion.
■ Appellant instituted his .action on April 14, 1956," and therein sought a permanent injunction to prohibit the City of, Shreveport from executing certain plans to pave a ditch or stream adjoining, petitioner’s ■property. ■ It is alleged the contemplated work would destroy improvements placed along the banks and bed of the stream, by petitioner, destroy the natural'beauty of the stream and thereby causé him • irrevocable *557 injury. On August 1, 19S6, by supplemental- and amended petition, plaintiff ab leged that a contractor was at that time engaged in executing the city’s plans and that a substantial part of his improvements had already been destroyed, whereupon he prayed for the issuance of a rule nisi for a writ of preliminary injunction.' Prior to a hearing on the rule,, which was fixed for August 14, 1956, the defendant filed an exception of res judicata and a plea of estoppel, which were overruled. The court, however, sustained an exception of no cause and/or right of action, recalled the rule nisi and denied plaintiff’s demands for a writ of preliminary injunction. From the judgment so rendered, orders of de-volutive appeal were granted. The appeal was perfected and the record filed'in this court on August 27, 1956. . .
The motion to dismiss must be sustained. Attached to the motion are affidavits of Robert L. Horton, City Engineer of the City of Shreveport, and Bobby R. Adams, Field Engineer, employed, by the City of Shreveport, to the effect that the work contemplated in the city’s plans for the paving of the drainage ditch adjoining plaintiff’s property at 3618 Fairfield Avenue was completed on September 20, 1956. This evidence is in no wise contradicted.
We are left with, no other alternative than to dismiss the appeal as there can be no doubt that the acts of defendants which plaintiff would prevent by this appeal have been fully performed.
It is well settled that in cases where no practical results can be obtained, the courts will not entertain the appeal. See Dunham v. Town of Slidell, 1913, 133 La. 212, 62 So. 635; Carey v. Louisiana Highway Commission, 1926, 161 La. 435, 108 So. 874; Gulf Coast Const. Co. v. Adams, 1928, 165 La. 873, 116 So. 217; Turner v. City of New Orleans, 1927, 164 La. 1013, 115 So. 128; Pettingill v. Hills, Inc., 1942, 199 La. 557, 6 So.2d 660; Freret Civic Association v. Orleans Parish School Board, 1953, 223 La. 407, 65 So.2d 893; State ex rel. Clement Betpouey, Jr. & Co. v. Jefferson Parish Waterworks District No. Five, 1953, 223 La. 566, 66 So.2d 338; and Navarre v. Lafayette Parish School Board, 1955, 226 La. 876, 77 So.2d 520.
.The appeal is dismissed .at appellant’s cost.