ELLIS, Judge.
Plaintiff brought this suit for $200,367.50 damages resulting from the death of her husband, occurring when an oil derrick fell and crushed him. The defendant, National Transfer Company, Inc., its insurer the American Fidelity and Casualty Company, and the American Steel and Wire Company as well as the deceased’s former employer, The Atlas Drilling Company were alleged to be jointly at fault and therefore the proximate cause of plaintiff’s husband’s death.
An exception of no cause'or right of action was filed by the defendant American Steel and Wire Company, which was sustained by the lower court, dismissing said defendant from this proceeding.
On May 8, 1956, plaintiff perfected a devolutive appeal to this court. Defendant has filed a motion to dismiss the appeal contending that the trial of the case against the other defendants, National Transfer Company, Inc., and its insurer, constitutes a full acquiescence in the judgment of the District Court dismissing ap-pellee from the original proceedings. The position of appellee is not well taken. In order to take away the right of appeal there must be an unconditional, voluntary and absolute acquiescence in the judgment on the part of the appellant. Sanderson v. Frost, 198 La. 295, 3 So.2d 626. It cannot be said that plaintiff-appellants have unconditionally and voluntarily acquiesced in the judgment, especially in view of the fact that on the same date the lower court overruled their motion for rehearing plaintiff filed motion to appeal. For this reason the motion to dismiss is overruled.
On the merits, plaintiff contends that the District Court erred in concluding that defendants-appellees were without fault since joint and concurrent acts of negligence were alleged.
Plaintiff admits that had they alleged that the accident would have occurred regardless of the breaking of the cable, defendants’ position would have been correct. They further contend that they never alleged or intended to allege that the derrick would have fallen regardless of the breaking of the cable. Defendants rest their exception of no cause or right of action primarily on the allegations in Article 16 of plaintiff’s petition which reads as follows:
“The Derrick would not have fallen had the said tandem truck remained stationary on the ramp where it was situated.”
*256 The plaintiff’s petition also sets forth certain other well-pleaded allegations of fact which are admitted as true in the exception of no cause of action. Ward v. Leche, 189 La. 113, 179 So. 52. These are:
“Article 5. The operations being conducted at the said rig at the time of decedent’s death were complex and technical, and no good purpose could be served by encumbering this petition with the allegations of evidentiary facts necessary to describe the said operation.
“Article 6. The derrick which crushed plaintiff’s husband to death fell as a proximate consequence of several acts of negligence hereinafter described and the breakage of a cable designated in the trade of oil and gas well drilling as a ‘snub’ or ‘sling’ line.
* * íjí * *
“Article 10. When the said cable broke, it was being ttsed in the ordinary and reasonable manner in which such cables are offered for use by manufacturers; it was being subjected to no unusual or extra-ordinary stress or strain.
i’fi * * * * *
“Article 13. After the cable broke, the derrick was pulled down by the weight of a loaded tandem truck which rolled down a ramp.
“Article 14. To the said tandem truck or to heavy equipment situated on the said truck was attached one end of another cable, the other end of which was attached to the derrick.
“Article 15. The said tandem truck was owned by and its movements controlled solely by employees of the defendant, National Transfer Company, Incorporated.
“Article 16. The derrick would not have fallen had the said tandem truck remained stationary on the ramp where it was situated.
“Article 17. Petitioner is informed, believes, and therefore alleges that the brakes of the said truck were in good repair and entirely adequate to prevent the said tandem truck from rolling down the same ramp if applied, as in fact they were — momentarily—■ applied.
“Article 18. Those employees of the National Transfer Company, Incorporated, who controlled the movements of the said truck were in a position to observe, as any reasonable man would have observed, that the derrick would not fall if the tandem truck were prevented by the continued application of its brakes from rolling down the aforesaid ramp.
“Article 19. The said employees were also in a position to direct the application of, apply, and continue to apply the brakes of the said truck and thereby to prevent the accident, which they negligently failed to do.”
An analysis of the facts alleged show that plaintiff has charged that the decedent was crushed to death by a falling derrick; that said derrick was being held in place by a cable designated in the trade of oil and gas well drilling as a “snub” or “sling” line, which had been manufactured and placed on the general market by the defendant, American Steel and Wire Company; plaintiff then alleged facts which, if true, would convict the defendant, American Steel and Wire Company, of having placed on the market a defective cable which broke because of said defects; that when the cable broke,' a tandem truck to which was attached another cable which was also attached to the derrick, started to roll, was momentarily stopped by the application of the brakes on the truck by the employees of the defendant, National Transfer Company, Inc.; that the employees of the defendant, National Transfer Company, Inc., negligently failed to continue the application of the brakes which would have prevented the accident.
*257 Plaintiff has, therefore, alleged that the accident was caused by the breaking of the defective cable manufactured by the defendant, American Steel and Wire Company, and the failure of the employees of the defendant, National Transfer Company, Inc., to apply the brakes on the tandem truck which was also being used in the operation.
We believe that the petition contains a cause of action against both defendants and, therefore, the judgment of the District Court is reversed, the exception of no cause or right of action overruled, and the case remanded to the District Court for trial on the merits.