ELLIS, Judge.
Plaintiff filed this jactitation or slander of title suit against the defendant, and after an exception of improper cumulation *865 of actions filed by the latter was overruled, the case was heard on its merits and the following judgment rendered in favor of the plaintiffs
“This cause having been duly heard and submitted to the Court for adjudication and the Court considering the law and the evidence to be in favor of the plaintiff, for written reasons assigned,
“It Is Ordered, Adjudged and Decreed that petitioner, Morgan City Company, Inc., be and it is hereby recognized as in real and actual possession of the following described property situated in the Parish of St. Mary, State of Louisiana, to-wit:[1]
* * * * * *
“It Is Further Ordered, Adjudged and Decreed that the defendant, Philip Guarisco, be and he is hereby ordered either to disclaim all right, title or interest in and to the property herein-above described, or any portion thereof, or to institute a petitory action against the petitioners Morgan City Company, Inc., in revendication of his rights, titles, and interests in and to the property hereinabove described, or any portion thereof, within thirty (30) days from the date this judgment becomes final, and in default of such suit being instituted within said time, that defendant Philip Guarisco, be forever thereafter barred from setting up any claims, rights, privileges or title to, on or against the property hereinabove described or any portion thereof, and that petitioner, Morgan City Company, Inc., be thereupon empowered to cause the Clerk of Court of the Parish of St. Mar}'', to cancel and erase from the Conveyance Records of said Parish, the instruments described as follows:[2]
* * * * * * >>
Within the thirty day period fixed by the judgment, the defendant moved for and was granted a devolutive appeal. Defendant also within the thirty day period filed a petitory action against the plaintiff, claiming title to a portion of the land in dispute and in a separate article of this petitory action the defendant set forth:
“Petitioner further reserves his right accruing unto under his devolutive appeal in causes No. 25,211 and 25,237 and does not by these proceedings waive in any manner whatsoever petitioner’s rights in the manner pointed out by law;”
As a result of the defendant filing a peti-tory action within the thirty day period the plaintiff filed in this court on the appeal a motion to dismiss the appeal in which he stated:
“1. The above matter is a devolu-tive appeal from a judgment of the Sixteenth Judicial Court for the Parish of St. Mary in favor of plaintiff-appellee in a slander of title suit, whereby defendant Phillip Guarisco was ordered to either disclaim all right, title or interest in and into the slandered property or to institute a petitory action against plaintiff-appellee within 30 days from the date the judgment should become final.
“2. Defendant-appellant has acquiesced in the foresaid judgment of the district court by instituting a peti-tory action against plaintiff-appellee in the Sixteenth Judicial District Court for the Parish of St. Mary within the 30 day period fixed by the aforesaid judgment in proceedings entitled ‘Phillip Guarisco v. Morgan City Company, Inc.,’ No. 26,515, all as more fully shown by a certified copy of the petition in said suit annexed to this motion and made part hereof.
*866 “3. Plaintiff-appellee accordingly shows that this appeal should be dismissed for the following reasons:
“(1) All issues on this appeal become moot upon the filing of the peti-tory action by appellant.
“(2) Appellant has acquiesced in the judgment of the lower court by filing the petitory action as ordered therein.
“Wherefore, plaintiff-appellee prays that after due proceedings had, the appeal taken herein by defendant-appellant Phillip Guarisco be dismissed and set aside.”
The Article of the Code of Practice covering acquiescence in a judgment so as to bar an appeal is set forth in No. 567 as follows :
“Judgment debtor — When barred from appealing. — The party against whom judgment has been rendered can not appeal:
“1. If such judgment have been confessed by him, or if he have acquiesced in the same, by executing it voluntarily. * * * ”
It is well settled that to lose the right of appeal there must be an unconditional, voluntary and absolute acquiescence in the judgment on the part of the appellant who must have intended to acquiesce and to abandon his right of appeal. State ex rel. Hoey v. Brown, 29 La.Ann. 861, 862; Colvin v. Woodward, 40 La.Ann. 627, 4 So. 564, 565; Foster & Glassell Company, Ltd. v. Harrison, 173 La. 550, 138 So. 99; Merrill v. Louisiana Materials Company, 187 La. 259, 174 So. 349; Saunders v. Busch-Everett Co., 138 La. 1049, 71 So. 153; Sanderson v. Frost, 198 La. 295, 3 So.2d 626; State ex rel. Parish of Plaquemines v. Baynard, 204 La. 834, 16 So.2d 451; Kendrick v. Garrene, 231 La. 462, 91 So.2d 603; Fontenot v. National Transfer Company, La.App., 93 So.2d 254; Rex-Metallic Casket Co. v. Gregory, La. App., 104 So.2d 185; Scott v. Scott, 218 La. 211, 48 So.2d 899; Griffis v. Harmon & Crane, La.App., 108 So.2d 822.
Another doctrine upon acquiescence has become imbedded in our jurisprudence. In the case of Buntin v. Johnson, 27 La.Ann. 625, in which an exception to the jurisdiction of the court was maintained and on appeal a motion was made to dismiss same on the ground that after the appeal was granted plaintiff filed another petition, similar to the one under consideration, in the parish court. This, they contend, was an acquiescence in the judgment and therefore no appeal would lie. To this motion to dismiss the court answered:
“This is true. But the acquiescence which prohibits an appeal, or which destroys an appeal when taken, is the acquiescence in a decree which commands something to be done or given. If the thing commanded to be done or given, is done or given, the judgment is acquiesced in. It is a confession that the judgment is correct, and one cannot admit that a judgment is correct and then appeal from it. Here nothing was ordered to be done. The judgment of the District Court was simply that it had no jurisdiction. It did not order them to institute proceedings in the parish court. The motion to dismiss is overruled.”
In Mason v. Red River Lumber Co., 188 La. 686, 177 So. 801, 803, 115 A.L.R. 117, we find the Supreme Court of Louisiana adopting the doctrine quoted from the case of Buntin v. Johnson, supra. The Supreme Court stated:
“Besides, the judgment is one sustaining an exception of no cause of action and dismissing plaintiff’s suit. ‘The acquiescence which prohibits an appeal or destroys it when taken, is the acquiescence in a decree commanding something to be done or given. If the thing commanded to be done or given, is done or given, the judgment *867 is acquiesced in.’ Buntin v. Johnson, 27 La.Ann. 625.”
Again in the case of Succession of Land, 209 La. 135, 24 So.2d 289, 290, the Supreme Court, through Justice Fournet, now Chief Justice, in discussing the provisions of Article 567 of the Code of Practice stated:
“According to the provisions of the Code of Practice, ‘The party against whom judgment has been rendered cannot appeal: 1. If such judgment have been confessed by him, or if he have acquiesced in the same by executing it voluntarily. * * * ’ Article 567. The acquiescence which prohibits the appeal under * * * this article, or destroys an appeal already lodged in the higher court, is the acquiescence in a decree commanding that something be done or given. Buntin v. Johnson, 27 La.Ann. 625; Mason v. Red River Lumber Co., 188 La. 686, 177 So. 801, 115 A.L.R. 117.”
“The judgment appealed from in the instant case commands neither the doing nor the giving of anything”.
The above doctrine was reaffirmed in the case of Navarre v. Lafayette Parish School Board, 226 La. 876, 77 So.2d 520, 521, which is the main case relied upon by the. appellees and will be more fully discussed hereinafter by the Supreme Court with the late Justice Ponder as the organ of the court. It was stated:
“The defendants contend that they did not voluntarily acquiescence in the judgment by filing the suit asserting title to the property but merely did so to protect their rights. It is immaterial for what purpose the defendants filed the suit because it is well settled that when a thing commanded to be done or given is done or given the judgment is acquiesced in. Mason v. Red River Lumber Co., 188 La. 686, 177 So. 801, 115 A.L.R. 117; Buntin v. Johnson, 27 La.Ann. 625: see also Riley v. Kaempfer, La.App., 175 So. 884.”
We fail to understand why an appellant who has been commanded by judgment to do or give something is adjudged to have voluntarily acquiesced when he obeys the judgment regardless of the reasons for such acquiescence and in all other cases where the judgment does not command something be done or given an appellant may acquiesce by completely satisfying the judgment, but the reasons for such action by the appellant are fully considered in deciding whether such acquiescence is completely voluntarily as was done in all cases cited, supra, as supporting the doctrine that such acquiescence must be completely voluntarily in order to bar the appeal and be considered as a true acquiescence. Stated differently we cannot understand why a defendant-appellant who acquiesces in a jactitation suit should not be adjudged to have done so involuntarily by virtue of the fact that otherwise he would or might lose a valuable right, such as being forever barred from asserting title to ownership of the property.
In the case of Colvin v. Woodward, supra, 4 So. 564, 565, plaintiff brought an action to enforce specific performance of a written contract. The court gave judgment in favor of plaintiff, ordering defendant within 30 days from date to execute a deed conveying to plaintiff 40 acres out of the 160 acre tract claimed as a homestead, and in default hereof, that plaintiff “have the right of selecting from the above-described land such 40 acres as he may desire and upon filing such selection in the office of the clerk of the court and having same duly recorded in the book of conveyances, he be decreed the absolute owner, and be put in possession of same.” The defendant forthwith applied for and obtained a devolutive appeal to the circuit court which was dismissed and he then took a devolutive appeal to the Supreme Court. Before the lapse of the thirty days allowed in the judgment of the District Court, defendant executed a deed to plaintiff of forty acres of land selected by himself, citing, however, in the deed that he *868 had taken, and intended to prosecute a devolutive appeal from the judgment, and reserved all of his right of appeal, and that he-so acted because he was unable to take a suspensive appeal, and because, on his failure to do so, plaintiff would execute his judgment, by selecting the most valuable 40 acres containing the dwelling, etc. of himself and- family and oust them from the possession thereof.
When the case came up in the Supreme Court a motion to dismiss was filed on the ground that under Article 567 he had acquiesced in the judgment by executing it voluntarily. The Court in considering the motion to dismiss, stated:
“Here was an alternative judgment, under the terms of which the defendant was bound, within 30 days to convey plaintiff 40 acres of his homestead tract, selected by himself, or, on his failure to do so, giving plaintiff the absolute right to select the land on which the dwelling-house of his family was situated, and to turn them out and take possession. Being unable to appeal suspensively, what was defendant to do? The alternative presented to him was very similar to that discussed in a former case where the court said: ‘The defendant had to satisfy the judgment or go to jail. There is not here the acquiescence which the law contemplates. It must be the voluntary act of the debtor.’ State ex rel. Hoey v. Brown, 29 La.Ann. [861], 862. Here the defendant had to select and convey the land, or have himself and family turned out of house and home. In another case, where payment was made under threat to seize and sell a merchant’s stock in trade, this was held not to be such voluntarily execution as debarred appeal. Johnson v. Clark [29 La.Ann.] 762. In a case yet more similar to the instant one, the judgment condemned defendant to deliver 6000 pounds of cotton, or, in default thereof, to pay $3,120. Execution having issued, defendant delivered the cotton, which cost him only $1920, in order to avoid a seizure for the larger alternative sum named in the judgment; this was held to be not a voluntary settlement, but one made ‘under compulsion of the law,’ and not debarring a devolutive appeal. Yale v. Howard, 24 La.Ann. 458. It is true that in the above case execution had been issued; but here, execution was not necessary to expose the defendant to the danger and damage which he sought to avert, because, under the terms of the judgment, by the mere lapse of 30 days, his right to select the forty acres to be delivered expired, and plaintiff acquired the absolute right to make his own selection, which defendant would, thereafter, have been powerless to prevent. For these reasons the motion to dismiss the appeal is denied.”
We might add that the judgment appealed from in this case was reversed insofar as it ordered to convey the plaintiff any portion of his homestead tract, or recognized the right of plaintiff to claim or take any portion thereof, and the judgment was annulled, avoided and reversed, and the demand of plaintiff to that effect was rejected.
The judgment in the above cited and quoted from case was clearly one which commanded the plaintiff to do something, that is, convey by deed to plaintiff forty acres of land. However, the court fully considered the reason of the defendant-appellant for acquiescing in the judgment and held that they clearly proved that such acquiescence was not voluntary as it must be under Article 567 of our Code of Practice. This case would seem to be in conflict with the rule laid down in Buntin v. Johnson, supra, and followed thereafter by our courts. We do not understand why the defendant-appellant in a jactitation suit is denied the right to show involuntary acquiescence in the same manner as is accorded to appellant in other classes of cases in which the judgment does not *869 command the thing be done or given. We realize that this discussion may be futile as we are governed by the jurisprudence established by our Supreme Court.
In Riley v. Kaempfer, La.App., 175 So. 884, 885, the plaintiff filed a jactitation action and obtained a judgment against the defendant ordering the latter to either disclaim any title whatsoever to the property involved “or to institute a suit against the plaintiff in revindication of any right she may have within sixty days after this judgment shall have become final, and in default of such suit being instituted within the time fixed, that the said Mrs. Sarah Kaempfer be thereafter forever barred from setting up any claims, rights or privileges to, on or against the above described property.”
An appeal from the judgment was perfected by the defendant to which appellee filed a motion to dismiss on the ground that appellant had acquiesced to the judgment by instituting the suggested suit, and attached to the motion was a certified copy of the petition and pleadings in a petitory action filed by the defendant in the District Court for the United States of America, Western District of Louisiana.
In the course of the opinion Judge Ham-iter, now Associate Justice of the Supreme Court, on behalf of the Second Circuit Court of Appeal stated:
“The motion to dismiss is, in our opinion, meritorious. As counsel for appellee point out, the judgment of the trial court ordered appellant to either disclaim title to the property or to institute a suit against the plaintiff asserting title. This judgment was wholly acquiesced in and complied with when appellant filed the aforementioned proceeding, which may be termed a petitory action, against appellee and others in the federal court.
******
“It thus may be seen from the discussed provisions of our adjective law that the purpose of a possessory action is to protect possession from an actual disturbance or intrusion. A judgment in that action in favor of the possessor orders a cessation on the part of the defendant of further actual disturbance ; and there is an acquiescence therein when the disturber ceases his complained of activities.
“A jactitation or slander of title action is a creature of our jurisprudence. It is not provided for in the codal or statutory laws of this state. Like the possessory action, its purpose is to protect possession; but it differs therefrom in that it affords relief from a constructive disturbance, such as a slander of the possessor’s title. The slanderer is forced through this action to either disclaim title or to prove what he asserts in the same proceeding or in a separate suit. Williams’ Heirs v. Zengel, 117 La. 599, 42 So. 153.
“Where plaintiff in a. jactitation action has established the required possession and the slanderer has disclaimed title, said plaintiff is .entitled to a decree protecting his possession from a recurrence of the disturbance by that defendant. If, however, there is no disclaimer made, and the defendant does not assert title in himself, the proper judgment is one ordering the slanderer to institute suit against the possessor, within a reasonable time fixed by the court, in revindication of his rights, and in default of such suit being instituted within the time designated, he shall be thereafter forever barred from setting up any claim to the property. Siegel v. Helis, 186 La. 506, 172 So. 768. If and when the ordered suit is filed, the judgment, in our opinion, becomes fully satisfied.
“Should the slanderer set up title in himself, he then converts the proceedings into a petitory action, and the burden of making proof of his claim is imposed on him. Gay v. Ellis, 33 *870 La.Ann. 249; Dalton v. Wickliffe, 35 La.Ann. 355; Rudd v. Land Co., La.App., 172 So. 804.
“The following quotation from the case of Patterson v. Landru, 112 La. 1069, 1074, 36 So. 857, 858, relates to a jactitation action and is quoted approvingly in Siegel v. Helis, supra:
“ ‘The action of slander of title is not one of the actions provided for in the Code. It is the child of necessity. Without it the owner in possession would he helpless against the slanders of his title. Being in possession, he could not bring the petitory action; and, his possession being undisturbed, he could not bring the possessory action.’
******
“The early jurisprudence of this state furnishes authority for our holding in this cause. We refer to the case of Van Wych v. Gaines, 13 La.Ann. 235, which, according to our research, has not been overruled or modified. In that jactitation suit defendant pleaded, by way of an exception, that previous to its filing she had commenced a petitory action against plaintiff in the federal court which involved the same subject matter and was then pending. In sustaining the exception the Court said:
“ ‘The action of jactitation of title has for its object the repose of title. It is brought by the possessor only. Its tendency is to force the party not in possession, who yet asserts a right out of court, to come into court and disclaim or assert the right judicially. That end is attained whenever the party accused of slandering the possessor’s title brings suit to test the title before a competent court, when that is done, there is no pretence to say there is a slander of title. And it is not for the defendant in all cases to choose his forum. If the United States Court has jurisdiction, the party in possession sued there, cannot come into a State court of concurrent jurisdiction, and by an action of jactitation compel his adversary to sue him in the state court also for the same cause of action.’ ”
In Navarre v. Lafayette Parish School Board, supra, which is the case mainly relied upon by the appellee for the dismissal of the appeal, the plaintiff brought an action in jactitation against the defendants to file an exception and answer which included an exception of no cause or right of action in which they admitted they were claiming title to the property, but averred that the plaintiff had not been in possession of the property in question for a year prior to the filing of the suit, therefore, the plaintiff was without interest in the subject matter of the litigation and had no right or cause of action to pursue the cause. Thereupon, the plaintiff filed a motion for a judgment on the face of the pleadings on the ground that the defendants had admitted slander of title and had failed to comply with LSA-R.S. 13:5063 and 13:5064, in that the defendant did not raise the defense of possession on the part of the plaintiff by way of an exception in limine litus. The trial court gave judgment in favor of the plaintiff, ordering the defendant to either disclaim title to the property or assert same in a proper proceeding within sixty days or in default thereof that they be forever barred from asserting title to the property. After a denial of writs requested by the defendant from the Supreme Court on the ground that they had a remedy by appeal, the defendants filed suit in the lower court, in compliance with the judgment of the lower court, asserting title to the property wherein they alleged that suit was filed with full reservation of their rights to appeal the judgment. Defendants then perfected a devolutive appeal and the plaintiff then moved to dismiss the appeal on the ground that the question presented therein was moot. It is shown in the case that the defendant allowed the time in which they could have applied for a suspensive appeal *871 to lapse. The Supreme Court of Louisiana held [226 La. 876, 77 So.2d 521]:
“The fact that the defendants stated in their suit, asserting title to the property, that it was brought pursuant to the judgment of the lower court with full reservation of their rights to appeal from the judgment reserved nothing. If the defendants are aggrieved, it is because they neglected to take a suspensive appeal. The act which the defendants seek to overturn by appeal has been fully performed and is now an accomplished fact. Any decision that this Court could render on the appeal would be useless. If we decided in favor of the plaintiff, we could only order the defendants to assert title or disclaim it. If we were to decide in favor of the defendants, it would be a vain and useless thing because the defendants have already filed a suit asserting title to the property in compliance with the judgment and any action on our part could not affect the trial of that suit. The suit now pending in the lower court will probably be heard and tried before this Court could pass on the appeal. In cases where no practical results can be obtained, this Court will not entertain the appeal. Dunham v. Town of Slidell, 133 La. 212, 62 So. 635; Carey v. Louisiana Highway Commission, 161 La. 435, 108 So. 874; Gulf Coast Const. Co. v. Adams, 165 La. 873, 116 So. 217; Turner v. City of New Orleans, 164 La. 1013, 115 So. 128; Pettingill v. Hills, Inc., 199 La. 557, 6 So.2d 660; Freret Civic Association v. Orleans Parish School Board, 223 La. 407, 65 So.2d 893; State ex rel. Clement Betpouey, Jr. & Co. v. Jefferson Parish Waterworks District, 223 La. 566, 66 So.2d 338.
“The defendants contend that they did not voluntarily acquiesce in the judgment by filing the suit asserting title to the property but merely did so to protect their rights. It is immaterial for what purpose the defendants filed the suit because it is well settled that when a thing commanded to be done or given, is done or given, the judgment is acquiesced in. Mason v. Red River Lumber Co., 188 La. 686, 177 So. 801, 115 A.L.R. 117; Buntin v. Johnson, 27 La.Ann. 625; see also Riley v. Kaempfer, La.App., 175 So. 884.”
We agree with the contention of counsel for the appellee that the Navarre case is on all fours with the case at bar. In the case at bar, after the suit had been filed, the defendant-appellant filed an exception only of improper cumulation of actions. This exception was heard and overruled and the plaintiff-appellees filed a motion for judgment on the face of the pleadings on the same ground as in the Navarre case, however, the motion was denied but the lower court correctly held that possession could not be plead nor proved thereafter in the case, and when it came to trial on the merits, as it was not raised as a defense in limine litus, judgment was rendered in favor of the plaintiff-appellee ordering the defendants to either disclaim title to the property or assert same within thirty days or in default thereof that they be forever barred from asserting title to the property and that the plaintiff-appellee be thereupon empowered to cause the Clerk of Court of the Parish of St. Mary, to cancel and erase from the conveyance records of the parish the instruments which clouded or slandered the title to the plaintiff. Thereupon, within the thirty day period fixed by the judgment defendant-appellant herein moved for and was granted a de-volutive appeal, and also within the thirty day period defendant-appellant also filed a petitory action against the plaintiff, ap-pellee herein, claiming title to a portion of the land in dispute in the slander of title suit. As in the Navarre case, the defendant-appellant in the case at bar also attempted to reserve his rights under his devolutive appeal by special allegation.
The facts and questions presented being practically identical in the case at bar with *872 those in the Navarre case, supra, decided by the Supreme Court of Louisiana, the ruling on the motion to dismiss must be the same.
It is therefore ordered that the appeal be dismissed at appellant’s cost.

. The description is not necessary for a decision on the question at issue on this appeal, viz., the motion to dismiss.

. These instruments are not necessary to a decision on the motion to dismiss.